

# MOSER EMPLOYMENT LAW FIRM, P.C.
### WORKERS' RIGHTS ATTORNEYS

| | | |
|---|---|---|
| STEVEN J. MOSER, ESQ. | 3 SCHOOL STREET, SUITE 207B | TEL (516) 671.1150 |
| smoser@moseremploymentlaw.com | GLEN COVE, NEW YORK 11542 | FAX (516) 882-5420 |

January 18, 2017

**VIA ECF**

Hon. Anne Y. Shields, USMJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

    Re:    De Los Santos, et al. v. New Food Corp d/b/a Foodtown, et al., 14-cv-4541(AYS)
            Our File No. 13-0096

Dear Judge Shields:

    Please accept this letter as request to allow the upcoming conference of January 24, 2017 to serve as an in-person conference with regard to an anticipated motion to compel the Defendants to consummate the settlement which was reached in open court on June 6, 2016. A transcript of the settlement conference is annexed hereto as Exhibit 1.

## LAW

    "A settlement stated on the record is one of the strongest and most binding agreements in the field of the law and is thus entitled to substantial deference." *Samuel v. Bd. of Educ.*, No. 12-CV-4219 (ENV) (LB), 2015 U.S. Dist. LEXIS 137547, at *9 (E.D.N.Y. July 23, 2015). An in-court settlement "remains binding even if a party has a change of heart between the time he agreed to the settlement and the time those terms are reduced to writing." *Powell v. Omnicom*, 497 F.3d 124, 129 (2d Cir. 2007) (citing *Millgard Corp. v. White Oak Corp.*, 224 F. Supp. 2d 425, 432 (D. Conn. 2002)).

    In fact, "[i]t is beyond question that verbal, in-court settlement agreements may be binding and enforceable, even though the agreement is never reduced to writing." *Samuel v. Bd. of Educ.*, 2015 U.S. Dist. LEXIS 137547, at *9 (citing *Powell v. Omnicom, BBDO, PHD*, 497 F.3d 124, 129 (2d Cir. 2007)).

    The simple fact that parties intend on memorializing the agreement reached on the record "does not open the door for either party to reject, modify, or <u>supplement</u> the terms" of the agreement. *Walkill v. Tesa Tape, Inc.*, 982 F. Supp. 300, 302 (S.D.N.Y. 1997)(emphasis supplied). The single most decisive factor in determining whether a party should be bound by a

Case 2:14-cv-04541-AYS   Document 183   Filed 01/18/17   Page 2 of 3 PageID #: 1545

Letter to Hon. Anne Y. Shields, USMJ
  Requesting Pre Motion Conference
*De Los Santos, et al. v. New Food Corp d/b/a Foodtown, et al.*, 14-cv-4541(AYS)
Page 2 of 3
January 18, 2017

verbal settlement is whether there was an "express reservation of the right not to be bound until a written agreement was signed." *Samuel v. Bd. of Educ.*, No. 12-CV-4219 (ENV) (LB), 2015 U.S. Dist. LEXIS 137547, at *14 (E.D.N.Y. July 23, 2015)(citng *Powell v. Omnicom*, 497 F.3d 124, 129 (2d Cir. 2007)); *see also Aguiar v. New York*, 2008 U.S. Dist. LEXIS 73631, at *13 (S.D.N.Y. Sep. 25, 2008)(finding that settlement reached on the record was binding as to parties who did not expressly reserve the right not to be bound in the absence of a writing).

"Even if the parties agreed to the settlement in open court with the intent to draft and sign a written settlement agreement and general release, this does not satisfy the express reservation requirement [to find an oral settlement agreement unenforceable]." *Pullman v. Alpha Media Publ'g, Inc.*, No. 12-CV-01924 (PAC)(SN), 2014 U.S. Dist. LEXIS 128012 (S.D.N.Y. Mar. 14, 2014) (WL) at *10 (alteration in original) (quoting *Lopez v. City of N.Y.*, 242 F. Supp. 2d 392, 393 (S.D.N.Y. 2003)).

## FACTS

On June 6, 2016 this case was settled at a Court settlement conference.  The wage claims asserted in the law suit were settled for $1.4 million for the opt-in plaintiffs.  Transcript of Settlement Conference, at 9.  In addition to the resolution of the wage claims, the defendants also agreed to pay $167,500 to resolve "wage notice" claims on a class-wide basis.  Transcript of Settlement Conference, at 11.

Between June 6, 2016 and December we made repeated requests that the defendants furnish the settlement agreement.   Finally, 200 days after the settlement conference, on December 23, 2016, Defendants furnished settlement agreements for the notice class and the opt-ins.

However, the settlement agreements as written contain two modifications to the settlement agreement that was reached in court on June 6, 2017:

First, the Defendants have attempted to include a release of all claims arising under the collective bargaining agreement between the United Food and Commercial Workers Union and Ferreira Foodtown in the opt-in settlement.  These claims were not brought in the lawsuit.  At the settlement conference the Plaintiff offered a general release from union members if the defendants chose to close out all possible claims against the employer.  Transcript of Settlement Conference, at 6.   However, the defendants declined to pay additional sums to settle claims under the CBA in the mediation.  This is belied by the fact that when the settlement was placed on the record the Defendants did not suggest that claims arising under the CBA would be included in the settlement.

Second, the Defendants attempted to include a release of both "wage statement" and "wage notice" claims in the opt-out class settlement, despite the fact that only "wage notice" claims were settled in court.

Case 2:14-cv-04541-AYS   Document 183   Filed 01/18/17   Page 3 of 3 PageID #: 1546

Letter to Hon. Anne Y. Shields, USMJ
  Requesting Pre Motion Conference
*De Los Santos, et al. v. New Food Corp d/b/a Foodtown, et al.*, 14-cv-4541(AYS)
Page 3 of 3
January 18, 2017

The New York Labor Law contains both a "wage notice" provision and a "wage statement" provision. The wage notice provision, found in NYLL § 195(1)(a), requires that the employer furnish a "notice" containing certain information at the time of hiring. Violations of NYLL § 195(1)(a) are referred to as "wage notice" violations. *See Rodriguez v. Obam Mgmt.*, No. 13cv00463 (PGG) (DF), 2016 U.S. Dist. LEXIS 34154, at *45 n.6 (S.D.N.Y. Mar. 14, 2016); *Zhen Ming Chen v. New Fresco Tortillas Taco L.L.C.*, No. 15 Civ. 2158 (RA) (AJP), 2015 U.S. Dist. LEXIS 125949, at *20 (S.D.N.Y. Sept. 21, 2015); *Almanzar v. 1342 St. Nicholas Ave. Rest. Corp.*, No. 14CV7850 (VEC) (DF), 2016 U.S. Dist. LEXIS 155116, at *30 (S.D.N.Y. Nov. 7, 2016); *Baltierra v. Advantage Pest Control Co.*, No. 14 Civ. 5917 (AJP), 2015 U.S. Dist. LEXIS 124961, at *29 (S.D.N.Y. Sept. 18, 2015)

The wage statement provision, on the other hand, requires that an employer "furnish each employee with a statement with every payment of wages" containing detailed information about how the wages were calculated. Violations of NYLL § 195(3) are referred to as "wage statement" violations. *Melgadejo v. S & D Fruits & Vegetables Inc.*, No. 12 Civ. 6852 (RA)(HBP), 2015 U.S. Dist. LEXIS 145484, at *1 (S.D.N.Y. Oct. 23, 2015); *Zhen Ming Chen*, 2015 U.S. Dist. LEXIS 125949, at *21; *Lopez v. Yossi's Heimishe Bakery Inc.*, No. 13-CV-5050 (FB) (JO), 2015 U.S. Dist. LEXIS 43271, at *27 (E.D.N.Y. Mar. 9, 2015); *Akhtyrskiy v. Janton Contrs. L.L.C.*, No. 16-CV-218 (DLI) (ST), 2017 U.S. Dist. LEXIS 4338, at *2 (E.D.N.Y. Jan. 10, 2017).

The class settlement included only wage notice claims. See Transcript, at 10-12 (mentioning wage "notice" claims a total of ten times and never mentioning wage statement claims).

Finally, the Court noted that according to the agreement, "the deadline for payment [is] December 2016." Transcript of Settlement Conference, at 9. The Defendants already breached the agreement when they furnished settlement agreements on December 23, 2016 which called for the payment of the settlement amount in 2017.

## CONCLUSION

In short, the Defendants are asking for the release of claims which were not included in the settlement on the record. For the foregoing reasons, the Plaintiffs request that the upcoming pre-trial conference also serve as a conference regarding Plaintiffs' motion to compel the defendants to consummate the settlement reached in court on June 6, 2016.

Respectfully submitted,

Steven J Moser