| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**EASTERN DISTRICT OF NEW YORK** | **CIVIL CONFERENCE**<br>**MINUTE ORDER** |
| BEFORE: ANNE Y. SHIELDS<br>        U.S. MAGISTRATE JUDGE | DATE: 1/24/2017<br>TIME: 3:00 PM<br>FTR: 3:19-3:49 |

CASE:  **CV 14-4541 (AYS) (AYS)** De Los Santos et al v. New Food Corp. Et al

TYPE OF CONFERENCE: SETTLEMENT

APPEARANCES:    Plaintiff    Steven Moser

                Defendant   Greg Lisi
                            Alexander Leong

**THE FOLLOWING RULINGS WERE MADE:**

☐    Scheduling Order entered.

☐    Settlement conference scheduled for __ in courtroom 830 of the Long Island Courthouse.  Counsel shall comply with the undersigned's individual rules on settlement.

☐    Proposed settlement pending:  By __, each party shall notify the court by *ex parte* letter to chambers at (631) 712-5715 whether it accepts or rejects the proposed settlement. These letters will be kept confidential.

☐    The Joint Pretrial Order is accepted for filing and the action is deemed ready for trial.

X    Other:

**Rulings by the Court:**

Upon review of the transcript of the settlement proceedings this case has been settled. There was a specific recitation of all material terms on the record. Counsel were both given the opportunity to put all the terms on the record and expressly agreed on the record to what was said.

As to the scope of the settlement: With respect to the state law notice claims. The part of the settlement set aside for such claims includes all such state law claims, whether referred to as wage notices or statements or otherwise – all state law notice claims were included in the roughly $167,000 set aside for such claims. The record makes this clear. Plaintiffs' counsel made no distinction between any different types of notice claims when this case was settled.

As far as the collective bargaining claims. It was made clear at the conference that the Defendant wanted to settle all wage and hour claims. There was no discussion of any offset as a result of this litigation. To be clear:

All **wage and hour** claims are settled in this litigation. That includes all wage and hour claims that may have been the subject of the arbitration. To the extent that any plaintiffs in this case have any other claims in that arbitration proceeding that are not barred, including any claims of

duty of fair representation – those claims are not within the scope of this litigation or the settlement. However, all wage and hour claims are settled.

Defendant's counsel is directed to provide the signed settlement agreement to Plaintiffs' counsel by close of business on January 27, 2017.

SO ORDERED

 /s/ Anne Y. Shields
ANNE Y. SHIELDS
United States Magistrate Judge