UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ANDRES DE LOS SANTOS, DOMINGO FRANCO,
ANGEL RODRIGUEZ, RAMON SANTOS, and JOSE
RAMON LOPEZ, individually and on behalf of all
others similarly situated,

                                                            Case No. 14 Civ. 04541 (AYS)

                              Plaintiffs,


                  -against-                            **JOINT STIPULATION OF**
                                                         **SETTLEMENT AND RELEASE**

NEW FOOD CORP. d/b/a FOODTOWN, JCA FOOD
CORP. d/b/a METFOOD, JJC FOOD CORP. d/b/a
FOODTOWN, SWF FOOD CORP. d/b/a
FOODTOWN, MOTHER FOOD CORP. d/b/a
FOODTOWN, JASON FERREIRA and JOSE
FERREIRA,

                              Defendants.
------------------------------------------------------------------------x

       This Joint Stipulation of Settlement and Release (the "Agreement") is entered into by and between Andres De Los Santos, Domingo Franco, Angel Rodriguez, Ramon Santos, and Jose Ramon Lopez, individually and on behalf of the class of individuals that they seek to represent ("Named Plaintiffs") and the FLSA Collective Members (as hereinafter defined) on the one hand, and New Food Corp. d/b/a Foodtown, JCA Food Corp. d/b/a Metfood, JJC Food Corp. d/b/a Foodtown, SWF Food Corp. d/b/a Foodtown, Mother Food Corp. d/b/a Foodtown, Jason Ferreira and Jose Ferreira ("Defendants"), on the other hand, in the action styled *De Los Santos, et al. v. New Food Corp., et al.,* and bearing Case No. 14 Civ. 04541 (AYS) (the "Litigation") pending in the United States District Court for the Eastern District of New York ("EDNY").

## RECITALS

       **WHEREAS,** Andres De Los Santos, Domingo Franco, Angel Rodriguez, Ramon Santos, and Jose Ramon Lopez filed a Collective and Class Action Complaint in the Litigation on July 29, 2014 (together with all amendments thereto, the "Complaint"); and

       **WHEREAS,** the Complaint purports to assert collective and class action claims against Defendants for alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA") and the New York State Labor Law ("NYLL"), based on Defendants': (a) alleged failure to pay a minimum wage; (b) alleged failure to pay overtime compensation; (c) alleged failure to pay spread of hours pay pursuant to 12 NYCRR § 142-2.4; (d) alleged failure to provide wage notices pursuant to NYLL §195(1); and (e) alleged failure to provide wage statements pursuant to NYLL §195(3) (ECF Docket No. 1); and

**WHEREAS**, in the Litigation, Named Plaintiffs, individually and on behalf of the class of individuals that they seek to represent, asserted claims under the FLSA and NYLL seeking, among other relief, minimum wages, overtime wages, unpaid wages, spread of hours pay, liquidated damages, statutory damages, penalties, interest, and attorneys' fees and costs (together with all other claims Named Plaintiffs have asserted or could assert related to the payment or recovery of wages, the "Wage and Hour Claims"); and

**WHEREAS**, Defendants filed an Answer denying the material allegations in the Complaint on September 2, 2014 (ECF Docket No. 11), and Defendants have vigorously defended themselves against all of the Wage and Hour Claims in the Litigation and Defendants categorically deny: (a) all of the Wage and Hour Claims made by Named Plaintiffs in the Litigation; (b) engaging in any wrongdoing whatsoever; and (c) that they are liable or owe any damages, monies or obligations to anyone with respect to the alleged facts or causes of action alleged in the Litigation; and

**WHEREAS**, on October 6, 2015 and November 14, 2015, Named Plaintiffs moved for conditional certification with respect to their FLSA claims, and the Honorable Joseph F. Bianco, United States District Judge for the EDNY, granted said motion by order dated November 24, 2015; and

**WHEREAS**, a court-approved notice of pendency was sent to putative collective action members to file consents to join the Litigation pursuant to the FLSA; and

**WHEREAS**, Named Plaintiffs and Defendants have engaged in extensive discovery on issues relating to liability and damages; and

**WHEREAS,** on March 14, 2016, the Parties (as hereinafter defined) participated in a settlement conference before U.S. Magistrate Judge Anne Y. Shields of the EDNY and agreed to engage in additional discovery for the purposes of participating in additional settlement discussions; and

**WHEREAS,** the Parties exchanged several thousands of pages of additional documents in furtherance of their efforts to potentially settle the Litigation and the Parties reviewed and scrutinized these and other records; and

**WHEREAS,** on June 6, 2016, the Parties participated in a second settlement conference before U.S. Magistrate Judge Shields and after significant negotiations lasting several hours, including multiple conversations with Judge Shields and exchanges of counteroffers, subsequently reached an accord resulting in this Agreement; and

**WHEREAS,** without admitting or conceding any liability or damages whatsoever, Defendants agreed to settle the Litigation on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of continuing the Litigation; and

**WHEREAS,** Plaintiffs' Counsel (as hereinafter defined) analyzed and evaluated the merits of the claims made against Defendants in the Litigation, conducted interviews with

putative class and collective members, conducted a deposition of a third party witness familiar with the timekeeping software utilized by Defendants, obtained and reviewed documents relating to Defendants' compensation practices/policies, and analyzed payroll data and time records, and based upon their analysis and evaluation of a number of factors, and recognizing the substantial risks of litigation, including the possibility that the Litigation, if not settled now, might not result in any recovery or might result in a recovery less favorable, and that any recovery would not occur for several years, and that there was a risk of future decertification if certification was granted, Named Plaintiffs, the FLSA Collective Members (as hereinafter defined), and Plaintiffs' Counsel are satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in the best interests of the Named Plaintiffs and FLSA Collective Members; and

**WHEREAS,** on June 6, 2016 and June 9, 2016 respectively, the Parties filed a Notice, Consent, and Reference of a Civil Action to a Magistrate Judge with the EDNY, consenting to have U.S. Magistrate Judge Shields conduct all proceedings in the Litigation and on June 10, 2016, U.S. District Court Judge Joseph F. Bianco of the EDNY issued an order referring the Litigation to U.S. Magistrate Judge Shields to conduct all proceedings in the Litigation and order entry of a final judgment in accordance with 28 U.S.C. §636(c) and Fed. R. Civ. P. 73; and

**WHEREAS,** on January 24, 2017, the Parties participated in a conference before U.S. Magistrate Judge Shields to discuss the material terms of the settlement of the Litigation; and

**WHEREAS,** the purpose of this Agreement is to settle fully and finally all Released Wage Claims (as hereinafter defined) between the Plaintiffs (as hereinafter defined), FLSA Collective Members (as hereinafter defined), Rule 23 Class Representative (as hereinafter defined), and Defendants, including all Wage and Hour claims asserted in the Litigation; and

**WHEREAS,** the Rule 23 Class Representative, Rule 23 Class Members and Defendants have agreed to enter into a separate agreement to settle fully and finally all claims based on or arising from Defendants' alleged failure to provide wage notices pursuant to NYLL §195(1) and Defendants' alleged failure to provide wage statements pursuant to NYLL §195(3), that were or could have been asserted in the Litigation, between the Rule 23 Class Members (as hereinafter defined) and Defendants ("Negotiated Settlement Agreement and Release"); and

**WHEREAS**, Plaintiffs (as hereinafter defined) and the FLSA Collective Members, by entering into the Agreement have agreed to waive any rights that they may have had and agreed not to join as a Rule 23 Class Member (as hereinafter defined); and

**NOW, THEREFORE,** in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Released Wage Claims between the Plaintiffs (as hereinafter defined), FLSA Collective Members (as hereinafter defined), Rule 23 Class Representative (as hereinafter defined) and Defendants on the following terms and conditions:

1.     **DEFINITIONS**

The defined terms set forth in this Agreement have the meanings ascribed to them below.

1.1     **Agreement.** "Agreement" means this Joint Stipulation of Settlement and Release.

1.2     **Costs and Fees.** "Costs and Fees" means Plaintiffs' Counsels' attorneys' fees, costs and expenses.

1.3     **Court.** "Court" means the United States District Court for the Eastern District of New York, the Honorable Anne Y. Shields, United States Magistrate Judge, presiding.

1.4     **Days.** "Days" means calendar days. If a deadline set forth herein falls on a weekend or national holiday, the deadline shall be the next weekday that is not a national holiday.

1.5     **Defendants.** "Defendants" mean New Food Corp. d/b/a Foodtown, JCA Food Corp. d/b/a Metfood, JJC Food Corp. d/b/a Foodtown, SWF Food Corp. d/b/a Foodtown, Mother Food Corp. d/b/a Foodtown, Jason Ferreira and Jose Ferreira.

1.6     **Defendants' Counsel.** "Defendants' Counsel" means Forchelli, Curto, Deegan, Schwartz, Mineo & Terrana, LLP.

1.7     **Effective Date.** "Effective Date" shall be the later of: (i) the Court's entry of an order granting approval of this Agreement and, if there is no appeal of the Court's order granting approval of this Agreement, or (ii) if there is an appeal of the Court's order granting approval of this Agreement, the day after all appeals are either withdrawn with prejudice or resolved in favor of approval of this Agreement.

1.8     **FLSA.** "FLSA" means the Fair Labor Standards Act, as amended, and all related regulations, as amended.

1.9     **FLSA Collective Members.** "FLSA Collective Members" means all Plaintiffs, as well as, all non-exempt employees who were included in the Conditionally Certified Collective and returned their consent forms to opt into this Litigation.

1.10    **Litigation.** "Litigation" means the lawsuit filed in the EDNY and styled *De Los Santos, et al. v. New Food Corp., et al.*, Case No. 14 Civ. 04541.

1.11    **NYLL.** "NYLL" means the New York Labor Law, as amended, and all related regulations (including, without limitation, minimum wage orders), as amended.

1.12    **Parties.** "Parties" means the Plaintiffs, Rule 23 Class Representative, FLSA Collective Members, and Defendants.

**1.13**  **Plaintiffs.** "Plaintiffs" means Andres De Los Santos, Domingo Franco, Angel Rodriguez, and Jose Ramon Lopez.

**1.14**  **Plaintiffs' Counsel.** "Plaintiffs' Counsel" means Moser Employment Law Firm, P.C. who, for the purpose of the Litigation and this settlement, served as counsel to the Plaintiffs, the FLSA Collective Members and the Rule 23 Class Representative.

**1.15**  **Released Wage Claims.** With regard to the Plaintiffs and FLSA Collective Members, "Released Wage Claims" means any and all wage and hour claims based on or under the FLSA and NYLL, and any and all claims arising from or related to work or services provided for the Releasees, for wages, compensation, remuneration, minimum wages, overtime wages, benefits, monies, amounts, bonuses, commissions, incentives, deductions, severance, separation pay, spread of hour pay, vacation or sick pay, personal days, expenses, interest, liquidated damages, and attorneys' fees and costs related to such claims, and all claims for breach of any collective bargaining agreement, that were or could have been asserted in the Litigation, whether known or unknown, through the date this Court enters the order granting approval of this Agreement, including but not limited to, the Wage and Hour Claims and all claims for damages, penalties, interest, liquidated damages, and attorneys' fees and costs related to such Wage and Hour Claims.

With regard to the Rule 23 Class Representative, "Released Wage Claims" means any and all wage and hour claims based on or under the FLSA and NYLL (with the exception of wage notice claims under NYLL §195(1) and wage statement claims under NYLL §195(3)), and any and all claims arising from or related to work or services provided for the Releasees, for wages, compensation, remuneration, minimum wages, overtime wages, benefits, monies, amounts, bonuses, commissions, incentives, deductions, severance, separation pay, spread of hour pay, vacation or sick pay, personal days, expenses, interest, liquidated damages, and attorneys' fees and costs related to such claims, that were or could have been asserted in the Litigation, whether known or unknown, through the date this Court enters the order granting approval of this Agreement, including but not limited to, the Wage and Hour Claims and all claims for damages, penalties, interest, liquidated damages, and attorneys' fees and costs related to such Wage and Hour Claims. With regard to the Rule 23 Class Representative, the Released Wage Claims, include, without limitation, wage and hour claims of whatever kind and nature, character, and description, whether in law or equity, whether sounding in tort, contract, federal, state and/or local law, statute (with the exception of wage notice claims under NYLL §195(1) and wage statement claims under NYLL §195(3)), ordinance, regulation, common law, or other source of law, whether arising from or dependent on all collective bargaining agreements that are effective or expired, whether known or unknown, and whether anticipated or unanticipated, through the date this Court enters the order granting approval of this Agreement, for any type of relief, including, without limitation, claims for overtime compensation, minimum wages, spread of hour pay, wages of any kind, damages, back pay, front pay, unpaid costs, meal and rest, penalties (including late payment penalties), liquidated damages, punitive damages, interest,

attorneys' fees, litigation costs, restitution, or equitable relief.

1.16   **Releasees.**   "Releasees" means all Defendants, their heirs, administrators, representatives, executors, estates, predecessors, successors, assigns, divisions, affiliates, subsidiaries, parents, business entities and companies under common ownership or control, related business entities and companies, business units, committees, groups, and their current and former owners, principals, shareholders, partners, members, officers, directors, trustees, investors, managers, employees, attorneys, accountants, insurers, fiduciaries, representatives, agents, predecessors, successors, and assigns, in their individual, representative, and business capacities, and all of the individuals or entities that hold an interest in New Food Corp., JCA Food Corp., JJC Food Corp., SWF Food Corp., and Mother Food Corp., and their current and former owners, principals, shareholders, partners, members, officers, directors, trustees, investors, managers, employees, attorneys, accountants, insurers, fiduciaries, representatives, agents, predecessors, successors, and assigns, in their individual, representative, and business capacities.

1.17   **Rule 23 Class Members.**   "Rule 23 Class Members" means the Rule 23 Class Representative and all individuals (other than Andres De Los Santos, Domingo Franco, Angel Rodriguez, and Jose Ramon Lopez, and the FLSA Collective Members) who: (a) provided services as employees for Defendants between April 9, 2011 to January 27, 2017, and (b) do not opt out of the NYLL claims for Defendants' alleged failure to provide wage notices pursuant to NYLL §195(1) and Defendants' alleged failure to provide wage statements pursuant to NYLL §195(3).

1.18   **Rule 23 Class Representative or Class Representative.**   "Rule 23 Class Representative" or "Class Representative" means Ramon Santos.

1.19   **Settlement Amount.**   "Settlement Amount" means the aggregate gross total of One Million Four Hundred Thousand Dollars and Zero Cents ($1,400,000.00), which is the maximum amount that the Defendants have agreed to pay for complete and final settlement and resolution of the Released Wage Claims between the Plaintiffs, FLSA Collective Members, Rule 23 Class Representative, and Defendants in the Litigation, inclusive of all attorneys' fees, costs, taxes, and other fees hereinafter discussed.

1.20   **Wage and Hour Claims.**   "Wage and Hour Claims" means any and all claims the Plaintiffs, FLSA Collective Members, and the Rule 23 Class Representative asserted under the FLSA and NYLL in the Litigation seeking, among other things, minimum wages, overtime wages, unpaid wages, spread of hours pay, liquidated damages, statutory damages, penalties, interest and attorneys' fees and costs, together with all other claims the Plaintiffs, FLSA Collective Members, and   Rule 23 Class Representative have asserted or could assert relating to the payment or recovery of wages in the Litigation.

**2.      COURT APPROVAL AND EFFECTIVENESS OF SETTLEMENT**

   **2.1      Motion for Court Approval of FLSA Settlement.**

   (A)   Within seven (7) days after the Plaintiff's furnish the Defendants a fully
         executed copy of this agreement, Plaintiffs' Counsel  will file a motion for an
         order approving this Agreement and the settlement of Plaintiffs', the FLSA
         Collective Members', and the Rule 23 Class Representative's Released Wage
         Claims (the "Approval Motion").

   (B)   In the Approval Motion, the Plaintiffs, FLSA Collective Members, and  Rule 23
         Class Representative shall request that the Court approve this Agreement and the
         settlement of all Plaintiffs', all FLSA Collective Members', and the Rule 23
         Class Representative's Released Wage Claims as final, fair, reasonable,
         adequate, and binding on all Plaintiffs, all FLSA Collective Members, and the
         Rule 23 Class Representative and dismiss all Plaintiffs', all FLSA Collective
         Members', and the Rule 23 Class Representative's Released Wage Claims in the
         Litigation with prejudice and without attorneys' fees or costs to any party except
         as provided in this Agreement. The Plaintiffs',  FLSA Collective Members', and
         the Rule 23 Class Representative's Approval Motion shall contain and attach as
         an exhibit thereto, a Stipulation and Order of Dismissal with Prejudice that is
         acceptable to the Parties.

   (C)   Plaintiff's Counsel shall serve the Approval Motion containing the schedule of
         payments referenced in Sections 3.1(C) and 3.3 herein to all Plaintiffs, FLSA
         Collective Members, and the Rule 23 Class Representative via first class mail.

   (D)   If the Court denies the Approval Motion either in part or in its entirety, then the
         Parties jointly agree to seek reconsideration of the ruling or seek Court approval
         of a renegotiated settlement, if any.  Should such efforts be unsuccessful  and/or
         denied, the Parties shall use good faith efforts to renegotiate the settlement and
         seek Court approval of the renegotiated settlement in accordance with this
         Court's directives to effectuate final settlement and dismissal of this Litigation
         in its entirety. In the event a mutually agreed-upon settlement is not approved or
         any reconsideration or appellate review is denied, Defendants shall not be
         obligated to make any of the payments specified in this Agreement, the
         Litigation will proceed as if no settlement had been attempted, and the Parties
         will retain all of their respective rights in those proceedings.

   (E)   The Parties will work together, diligently and in good faith, to obtain
         expeditiously an order approving the settlement and dismissing the Plaintiffs',
         the FLSA Collective Members', and the Rule 23 Class Representative's
         Released Wage Claims in this Litigation with prejudice.

   (F)   All payments required by Sections 3.1 and 3.3 of this Agreement from
         Defendants shall be delivered to Plaintiffs' Counsel within thirty (30) days after

the Effective Date.   Defendants shall have no obligation to provide any of the payments specified in this Agreement and the Parties shall proceed with the Litigation as if no settlement occurred, if the Court rejects this Agreement and/or fails to enter an order dismissing the Plaintiffs', the FLSA Collective Members', and the Rule 23 Class Representative's Released Wage Claims in this Litigation with prejudice

2.2 **Effectiveness.**  This Agreement shall be effective only when: (a) this Agreement is executed by all the Parties; <u>and</u> (b) the Court enters an order approving this Agreement and the settlement of all Plaintiffs', all FLSA Collective Members', and the Rule 23 Class Representative's Released Wage Claims as final, fair, reasonable, adequate and binding on all Plaintiffs, all FLSA Collective Members, and the Rule 23 Class Representative and dismissing all Plaintiffs', all FLSA Collective Members', and the Rule 23 Class Representative's Released Wage Claims in the Litigation with prejudice

## 3.    SETTLEMENT TERMS

3.1 **Settlement Amount - Payable to Plaintiffs, FLSA Collective Members, and the Rule 23 Class Representative.**

(A) Defendants agree to pay the Settlement Amount, which shall fully resolve and satisfy any and all amounts to be paid to the Plaintiffs, FLSA Collective Members, and Rule 23 Class Representative with respect to the Released Wage Claims and any and all claims for Costs and Fees (including, without limitation, all attorneys' fees and costs) with respect to the Released Wage Claims.  Other than the **employer payroll taxes** described in Section 3.4(C), Defendants will not be required to pay more than the Settlement Amount under the terms of this Agreement. The Settlement Amount shall comprise all amounts payable under this Agreement.

(B) The Plaintiffs, FLSA Collective Members, Rule 23 Class Representative, and Plaintiffs' Counsel shall receive a payment in the total gross amount of One Million Four Hundred Thousand Dollars and Zero Cents ($1,400,000.00), which includes all unpaid wages, liquidated damages, statutory damages, penalties, interest, attorneys' fees, costs, and federal, state, and local taxes and withholdings. Payment of the Settlement Amount shall be made in accordance with the schedule annexed to this Agreement as Exhibit C and Sections 3.1(C) and 3.3.  The Parties agree that the sum total of all payments (including, without limitation, all unpaid wages, liquidated damages, statutory damages, penalties, interest, attorneys' fees, costs, and federal, state, and local taxes and withholdings) shall not exceed One Million Four Hundred Thousand Dollars and Zero Cents ($1,400,000.00).

(C) Upon execution of this Agreement by the Plaintiffs, FLSA Collective Members, and the Rule 23 Class Representative, Plaintiffs' Counsel will furnish to

Defendants' Counsel a detailed and itemized schedule of payments to be made to the Plaintiffs, FLSA Collective Members, and Rule 23 Class Representative in accordance with the distribution formula described in Section 3.2 herein, with copies of union membership cards pursuant to Section 3.2(C).  This detailed and itemized schedule of payments shall identify, among other information, the amount that each Plaintiff, FLSA Collective Member, and Rule 23 Class Representative is to receive for payment of back wages; the amount that each Plaintiff, FLSA Collective Member, and Rule 23 Class Representative is to receive for payment of interest, liquidated damages, and/or statutory damages; and the amount that Plaintiffs' Counsel is to receive for payment of all Costs and Fees relating to this Litigation.  This detailed and itemized schedule shall be annexed to this Agreement as Exhibit C.  All Plaintiffs, FLSA Collective Members, and the Rule 23 Class Representative shall execute this Agreement prior to Defendants.

**3.2    Distribution Formula**

(A) For the purposes of this section, the "Net Settlement Fund" is the Settlement Amount, less Costs and Fees.

(B) The Net Settlement Fund shall be distributed based upon four factors:  (1) Length of Service during the three year period prior to the filing of the complaint, (2) Average Hourly Rate, (3) Union membership and (4) Participation as a Named Plaintiff.

(1) **Length of Service Multiplier.**  Each FLSA Collective Member and the Rule 23 Class Representative shall be assigned a value based upon the years worked during the three year period immediately preceding the filing of the complaint (from July  29, 2011-July 29, 2014) between 0 and 3.

(2) **Average Hourly Rate.**  The average hourly rate shall be calculated as the sum of the hourly rate earned on July 29, 2011, or the first date of employment, whichever is later, and the hourly rate earned on July 29, 2014, or the FLSA Collective Members'/Rule 23 Class Representative's date of separation from employment, whichever is earlier, divided by 2.

**(3) Union Membership Multiplier.**   Members of the United Food and Commercial Workers, Local 342 shall be assigned a multiplier of 1.5 and non-union members shall be assigned a multiplier of 1.

**(4)  Named Plaintiff Multiplier.**   All Named Plaintiffs shall be assigned a multiplier of 1.5.

(C)     Distribution formula.

Notwithstanding the formulas below, no FLSA Collective Member and no

Rule 23 Class Representative will be awarded a payment that is less than $1,000.00. In the event that an FLSA Collective Member's and the Rule 23 Class Representative's settlement share under the calculation set forth below is less than $1,000.00, his or her settlement share will be increased to $1,000.00 and subtracted from the Net Settlement Fund, and all other FLSA Collective Members' shares will be recalculated to offset this increase.

Notwithstanding the formulas below, any FLSA Collective Member and Rule 23 Class Representative who did not work overtime during the three year period from July 29, 2011 until July 29, 2014 will be awarded $1,000.00. This amount will be subtracted from the Net Settlement Fund, and all other FLSA Collective Members' shares will be recalculated to offset this increase.

Each FLSA Collective Member and the Rule 23 Class Representative shall be assigned a "Point Value" which is the product of the "Length of Service Multiplier", the "Average Hourly Rate", "Union Membership Multiplier" and the "Named Plaintiff Multiplier". The "Point Value" of each FLSA Collective Member and the Rule 23 Class Representative shall be divided by the sum of the "Point Values" for all FLSA Collective Members and the Rule 23 Class Representative to determine each FLSA Collective Member's and Rule 23 Class Representative's percentage share of the Net Settlement Fund. The percentage share shall be multiplied by the remaining Net Settlement Fund to determine the amount that the FLSA Collective Member and the Rule 23 Class Representative will receive.

(D) **Eligibility for Union Membership Multiplier.** In order to be eligible for the Union Membership Multiplier, the FLSA Collective Members and Rule 23 Class Representative must produce a document evidencing membership in the United Food and Commercial Workers, Local 342 during the period at issue in the Litigation. Copies of these documents shall be furnished to Defendants' Counsel with the list of FLSA Collective Members and the schedule of payments referenced in Sections 3.1(C) and 3.3 herein.

3.3 **Settlement Amount - Payable as Attorneys' Fees and Costs.** The Parties and Plaintiffs' Counsel agree that Defendants' payment of the Settlement Amount is inclusive of all Costs and Fees (including, without limitation, all attorneys' fees and costs incurred by the Plaintiffs, FLSA Collective Members, Rule 23 Class Representative, and Plaintiffs' Counsel in connection with this Litigation), and the Parties and Plaintiffs' Counsel agree that all Costs and Fees shall be paid out of and from the Settlement Amount. The Parties and Plaintiffs' Counsel agree that one-third (1/3) of the Settlement Amount, plus costs and expenses in the amount of $7,612.94, will be allocated to pay all Costs and Fees and that such allocated monies represent reimbursement of all Costs and Fees (including without limitation, all attorneys' fees and costs incurred by the Plaintiffs, FLSA Collective Members, Rule 23 Class Representative, and Plaintiffs' Counsel in connection with this Litigation). Plaintiffs' Counsel shall provide a sum total and itemized breakdown of all Costs and Fees to be

paid from the Settlement Amount in the schedule annexed as Exhibit C.   Payment of all Costs and Fees will be made in one check issued to "Moser Employment Law Firm, P.C." and delivered to Plaintiffs' Counsel.

**3.4    Tax Characterization.**

(A) For tax purposes, one third (33 1/3%) of payments to the Plaintiffs, FLSA Collective Members, and Rule 23 Class Representative pursuant to Section 3.1 shall be treated as back wages and two thirds (66 2/3%) of such payments shall be treated as interest, liquidated damages, and/or statutory damages.   The Plaintiffs, FLSA Collective Members, and Rule 23 Class Representative shall provide to Defendants' Counsel on or before the Effective Date completed and executed IRS Forms W-4 and W-9.   Plaintiffs' Counsel shall provide to Defendants' Counsel on or before the Effective Date a completed and executed IRS Form W-9.   No payment shall be issued under this Agreement until the executed IRS Forms W-4 and W-9 referenced above are tendered by the Plaintiffs, FLSA Collective Members, and Rule 23 Class Representative to Defendants' Counsel.

(B) Payments treated as back wages pursuant to Section 3.4(A) shall be made net of all applicable employment taxes, including, without limitation, federal, state and local income tax withholdings and the employee share of the FICA tax, and shall be reported to the Internal Revenue Service ("IRS") and the payee under the payee's name and social security number on an IRS Form W-2.   Payments treated as interest, liquidated damages and/or statutory damages pursuant to Section 3.4(A) shall be made without withholdings and shall be reported to the IRS and the payee, to the extent required by law, under the payee's name and social security number on an IRS Form 1099.   Payments of all Costs and Fees (including, without limitation, all attorneys' fees and costs incurred by the Plaintiffs, FLSA Collective Members, Rule 23 Class Representative, and Plaintiffs' Counsel in connection with this Litigation) pursuant to Section 3.3 shall be made to Plaintiffs' Counsel without withholding and reported on an IRS Form 1099 under the payee's name and taxpayer identification.

(C) Defendants shall be responsible for any and all applicable employer tax contributions associated with wage payments, including, but not limited to, the employer share of the FICA tax and any federal and state unemployment tax due with respect to the amounts treated as wages pursuant to Section 3.4(A).   Any such payroll taxes ordinarily borne by the employer shall be paid by Defendants in addition to the Settlement Amount, and shall not be paid out of the Settlement Amount.  Defendants shall not be responsible for (i) any payroll taxes imposed on employees, rather than employers, (ii) any taxes imposed on the portion of the payments to the Plaintiffs, FLSA Collective Members, and Rule 23 Class Representative treated as payment of interest, liquidated damages, and/or statutory damages reported on Forms 1099, or (iii) any taxes imposed with respect to the payment of attorneys' fees to Plaintiffs' Counsel under this

Agreement.

(D) The Plaintiffs, FLSA Collective Members, and Rule 23 Class Representative acknowledge and agree that, except as specified in Section 3.4(C), they will be solely responsible for all taxes, interest and penalties due with respect to any payment received pursuant to this Agreement. Additionally, the Plaintiffs, FLSA Collective Members, and Rule 23 Class Representative agree to indemnify and hold Releasees harmless for any and all federal, state and local taxes, interest, charges and penalties that are due, may become due or are otherwise assessed against the Plaintiffs, FLSA Collective Members, Rule 23 Class Representative and Releasees at any time with respect to any portion of the Settlement Amount received by the Plaintiffs, FLSA Collective Members, Rule 23 Class Members, and Plaintiffs' Counsel, except for the employer share of the FICA tax and any federal and state unemployment tax due with respect to the amounts treated as wages as specified in Section 3.4(C).

(E) The employee portion of all applicable income and payroll taxes will be the responsibility of the Plaintiffs, FLSA Collective Members, and Rule 23 Class Representative.

**3.5** **Settlement Checks.** Subject to the provisions of Sections 2.1, 2.2, 2.3 and 3.4 above, the payments referenced in Sections 3.1 and 3.3 above shall be delivered by Defendants to Plaintiffs' Counsel at 3 School Street, Suite 207B, Glen Cove, NY 11542.

**4.** **RELEASE**

**4.1** **Release of Claims by the Plaintiffs and FLSA Collective Members.**

By executing this Agreement, except as to such rights or claims as may be created by this Agreement, each Plaintiff and each FLSA Collective Member, on his or her behalf and on behalf of his or her respective current, former and future representatives, heirs, spouses, executors, administrators, agents, and attorneys, forever and fully releases and discharges the Releasees from any and all released wage claims as defined in Section 1.15 herein. which each Plaintiff and each FLSA Collective Member has or may have for any period prior to the date he or she executes this Agreement through the date this Court enters the order granting approval of this Agreement,

**4.2** **Release of Claims by the Rule 23 Class Representative.**

By executing this Agreement, except as to such rights or claims as may be created by this Agreement, the Rule 23 Class Representative, on his behalf and on behalf of his respective current, former and future representatives, heirs, spouses, executors, administrators, agents, and attorneys, forever and fully releases and discharges the Releasees from any and all wage and hour claims, demands, complaints, causes of action, grievances, obligations, damages, judgments, or liabilities whatsoever of every kind and nature, at law or in equity, known or

unknown, and whether or not discoverable, which the Rule 23 Class Representative has or may have for any period prior to the date he executes this Agreement through the date this Court enters the order granting approval of this Agreement, including without limitation: the Wage and Hour Claims and any other claims that were or could have been asserted in the Litigation; the Released Wage Claims; all wage and hour claims arising from or relating to the Rule 23 Class Representative's employment with Defendants or performance of work/services for Defendants; all claims for wages arising from or dependent on all collective bargaining agreements whether effective or expired; all claims based on or under any federal, state or local wage and hour law, statute, ordinance, regulation and rule, including, but not limited to, the FLSA and NYLL (except for wage notice claims arising under NYLL § 195(1) and wage statement claims arising under NYLL § 195(3) which are addressed in the Negotiated Settlement Agreement and Release); all statutory, constitutional, contractual, and common law claims for wages, compensation, remuneration of any kind, unpaid minimum wages, unpaid overtime, improper deductions, spread of hours pay, split shift pay, call in pay, tips, gratuities, service charges, vacation pay, sick pay, holiday pay, severance pay, bonuses, deferred compensation, incentive plans, medical, dental, life or disability insurance coverage, and any fringe benefit; and all claims for damages, liquidated damages, punitive damages, interest, attorneys' fees, costs, penalties, restitution, and equitable relief related to such wage and hour claims.

**4.3    Release of Fees and Costs for Settled Matters.**

Plaintiffs' Counsel on behalf of the Plaintiffs, FLSA Collective Members, and Rule 23 Class Representative hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that they may have against Releasees for attorneys' fees or costs associated with Plaintiffs' Counsel's representation of the Plaintiffs, FLSA Collective Members, and the Class Representative.

**4.4    Non-Admission of Liability.**

The Plaintiffs, FLSA Collective Members, Rule 23 Class Representative, and Defendants acknowledge that Defendants have agreed to this Agreement and the terms of settlement herein without in any way acknowledging any fault or liability on their part or by any of the Releasees, and with the understanding that the terms have been reached because this settlement will (i) avoid the further expense of litigation, and (ii) put the Released Wage Claims in the Litigation finally to rest. Nothing in this Agreement shall be deemed or used as an admission by any Releasee of liability or damages. Defendants do not admit, and expressly deny, any liability or wrongdoing, or violation of any law, statute, order, regulation or policy.

**4.5    Representations and Warranties of the Plaintiffs, FLSA Collective Members, and Rule 23 Class Representative.**

By signing this Agreement, the Plaintiffs, FLSA Collective Members, and Rule 23 Class Representative affirm, acknowledge and agree that:

(A)    They have been afforded a reasonable and sufficient period of time for review, for deliberation thereon and for negotiation of the terms of this Agreement, and

they have been specifically advised to consult with legal counsel or a representative of their choice, have had the opportunity to do so and have, in fact, done so by consulting with Plaintiffs' Counsel; and

(B)  They have read and understands the terms of this Agreement, all of which have been fully explained to them; and

(C) They have signed this Agreement freely and voluntarily and without duress or coercion and with full knowledge of its significance and consequences and of the rights relinquished, surrendered, released and discharged hereunder; and

(D) The only consideration for signing this Agreement is the terms stated herein and no other promise, agreement or representation of any kind has been made to them by any person or entity whatsoever to cause them to sign this Agreement; and

(E) They have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim in the Litigation, and have full authority to enter into this Agreement and the release contained in Sections 4.1 and 4.2 above; and

(F) Upon payment of the amounts due pursuant to Section 3 above, the Plaintiffs, FLSA Collective Members, and Rule 23 Class Representative will have been paid in full for all time worked in connection with their employment with Defendants; and

(G) With the exception of the monies due to the Rule 23 Class Representative in connection with the settlement of his claims under NYLL §195(1) and NYLL §195(3) against the Defendants pursuant to the Negotiated Settlement Agreement and Release, the Plaintiffs, FLSA Collective Members, and Rule 23 Class Representative are owed no other amounts or forms of compensation from Defendants and Releasees, including, but not limited to, any wages, overtime, minimum wage, spread of hours, split shift pay, vacation pay, sick pay, holiday pay, accrued benefits, severance, bonus, commissions, tips, liquidated damages, statutory damages, penalties, interest, attorneys' fees and costs; and

(H) They are not affected by any condition, drug, alcohol or medication that would interfere with or impair their ability to understand this Agreement; and

(I) They are not currently aware of any possible claims that could be asserted by them against Defendants and Releasees related to their employment with Defendants with the exception of claims existing under the terms of collective bargaining agreements between the Defendants and the United Food and Commercial Workers, Local 342; and

**4.6     Additional Covenants by the Plaintiffs, FLSA Collective Members and Rule 23 Class Representative.**

In exchange for the promises and other valuable consideration provided by Defendants in this Agreement:

(A)  The Plaintiffs, FLSA Collective Members, and Rule 23 Class Representative shall withdraw, in writing and with prejudice, all complaints, suits, actions, charges, claims, grievances, arbitrations, and/or proceedings they have instituted and/or that have been instituted on their behalf against Defendants and all Releasees seeking the recovery of any released wage claim, as defined herein.  If any other complaint, suit, action, charge, claim, grievance, arbitration, and/or other proceeding that the Plaintiffs, FLSA Collective Members, and Rule 23 Class Representative have instituted or have been instituted on their behalf against Defendants and/or any of the Releasees, seeking the recovery of any released wage claims is not wholly and finally dismissed with prejudice, the Plaintiffs, FLSA Collective Members, and the Rule 23 Class Member shall not voluntarily testify, provide documents or otherwise participate, or permit others to participate on their behalf, in any such litigation, grievance, arbitration, investigation or other proceeding arising therefrom, or associated therewith, and shall not obtain or accept any recovery or relief therefrom;

(B)  The Plaintiffs, FLSA Collective Members, and Rule 23 Class Representative shall not, in any way, assist any individual, entity or organization in commencing or prosecuting any action or proceeding against Defendants and Releasees, including, but not limited to, any complaint and/or any lawsuit, counter-claim, or cross-claim in federal, state or local court, any grievance or arbitration proceeding, or in any way participate or cooperate in any such action, grievance or proceeding, and shall not accept any relief or recovery therefrom. This prohibition applies to every stage of any proceeding, including any charge, complaint, grievance, arbitration, trial, pretrial preparation, pre-litigation fact gathering, and bars the Plaintiffs, FLSA Collective Members, and Rule 23 Class Representative from testifying, providing documents or information, advising, counseling or providing any other form of assistance to any person, entity or organization that wishes to make or that is making any claim against Defendants and Releasees, except in an investigation or proceeding conducted by the U.S. Equal Employment Opportunity Commission, the U.S. Department of Labor, the New York State Department of Labor, or any other agency of the United States government, by order of a court of competent jurisdiction, or if otherwise prohibited by law.

(C)  The Plaintiffs, FLSA Collective Members, and Rule 23 Class Member knowingly and voluntarily waive and agree to waive all their rights or claims to receive any monetary award or recovery of any type in connection with any lawsuit, complaint, grievance, investigation or arbitration  pursued against the

Defendants and Releasees, with, by or in any federal, state or local administrative agency, court, union, or any other forum (including, without limitation, arbitration) seeking the recovery of any wages, compensation, remuneration, benefits, liquidated damages, statutory damages, penalties, interest, attorneys' fees and costs, monies and amounts owed relating to their employment with the Defendants or performance of work/services for Defendants for any period prior to the date they execute this Agreement through the date this Court enters the order granting approval of this Agreement.

4.7   **No Retaliation or Discrimination.**   Defendants agree that they will not retaliate or discriminate against any Plaintiff, FLSA Collective Member, or the Rule 23 Class Representative because of their involvement in this case.

## 5.   INTERPRETATION AND ENFORCEMENT

5.1   **Cooperation; Further Acts.**   The Plaintiffs, FLSA Collective Members, Rule 23 Class Representative, and Defendants shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Court's approval of this Agreement and all of its terms.  Each party, upon request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

5.2   **No Assignment.**   The Plaintiffs, FLSA Collective Members, and Rule 23 Class Representative represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation.

5.3   **Entire Agreement.**   This Agreement, constitutes the entire agreement between the Parties with regard to the settlement of all Released Wage Claims, and all prior and contemporaneous negotiations and understandings between the Parties regarding the settlement of all Released Wage Claims shall be deemed merged into this Agreement.

5.4   **Binding Effect.**   This Agreement shall be binding upon the Plaintiffs, FLSA Collective Members, Rule 23 Class Representative, and Defendants and, with respect to the Plaintiffs, FLSA Collective Members, Rule 23 Class Representative, and their spouse(s), children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns.

5.5   **Arms' Length Transaction; Maturity of Terms.**   The Plaintiffs, FLSA Collective Members, Rule 23 Class Representative, and Defendants have negotiated all the terms and conditions of this Agreement at arms' length.  All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Plaintiffs, FLSA Collective Members, Rule 23 Class Representative and Defendants in entering into this Agreement, unless otherwise expressly stated.

5.6     **Captions.**  The captions or headings of the Sections and paragraphs of the Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

5.7     **Construction.**  The determination of the terms and conditions of this Agreement has been by mutual agreement of the Plaintiffs, FLSA Collective Members, Rule 23 Class Representative, and Defendants.  Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be construed against any party by virtue of draftsmanship.  The language used in this Agreement is the language chosen by the Plaintiffs, FLSA Collective Members, Rule 23 Class Representative and Defendants to express their mutual intent and no rule of strict construction will be applied against the Plaintiffs, FLSA Collective Members, Rule 23 Class Representative and Defendants. Accordingly, the Plaintiffs, FLSA Collective Members, Rule 23 Class Representative, and Defendants expressly waive any common law or statutory rule of construction that ambiguities should be construed against the drafter of this Agreement.  The Plaintiffs, FLSA Collective Members, Rule 23 Class Representative, and Defendants also covenant and represent that the language in all parts of this Agreement shall be in all cases construed as a whole, according to its fair meaning.

5.8     **Blue Penciling.**  Except for the provisions of Sections 4 and 5 of this Agreement, if any provision of this Agreement is held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable, the remaining portions of this Agreement will remain in full force and effect.  If the Release of Claims by the Plaintiffs, FLSA Collective Members, Rule 23 Class Representative, and Plaintiffs' Counsel contained in Sections 4.1, 4.2, and 4.3 of this Agreement are deemed to be unenforceable for any reason, the Plaintiffs, FLSA Collective Members, Rule 23 Class Representative, and Plaintiffs' Counsel agree to take all steps reasonably to draft and execute a valid release of claims, acceptable to the Parties and the Court.

5.9     **Governing Law.**  This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

5.10    **Choice of Forum.**  The Parties agree that any disputes arising out of or related to this Agreement shall be filed in the United States District Court for the Eastern District of New York and the Parties consent to the jurisdiction of such court for the purposes of such action.

5.11    **Waivers, Modifications and Amendments to Be in Writing.**  No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of the Plaintiffs, FLSA Collective Members, Rule 23 Class Representative and Defendants and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court

approval.  Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

**5.12** **Plaintiffs', FLSA Collective Members', and Rule 23 Class Representative's Comprehension.**  By signing this Agreement, the Plaintiffs, FLSA Collective Members, and Rule 23 Class Representative represent that (a) they understand the Agreement and knows that they are giving up important rights; (b) they agree with everything in the Agreement; (c) they have had an opportunity to consult with an attorney before signing the Agreement; and (d) they have signed the Agreement knowingly and voluntarily.

**5.13** **Facsimiles and PDFs; Counterparts**.  Facsimile transmission or electronic copies of signatures on this Agreement shall be deemed to be original signatures and shall be acceptable to the Parties to this Agreement for all purposes and may be used in lieu of the originals for any purpose.  In addition, transmission by electronic mail of a PDF document created from the originally signed document shall be acceptable to the Parties to this Agreement for all purposes. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same effect as if all Parties had signed the same instrument.

The Plaintiffs, FLSA Collective Members, Rule 23 Class Representative, Plaintiffs' Counsel, and Defendants have executed this Agreement on the dates indicated below.

Executed this _____ day of _____, 20___ by _____

for New Food Corp. d/b/a Foodtown

Print Name:_____

Title: _____

Executed this _____ day of _____, 20___ by _____

for JCA Food Corp. d/b/a Metfood

Print Name:_____

Title: _____

Executed this _____ day of _____, 20____ by _____
                                                          for JJC Food Corp. d/b/a Foodtown

                                                          Print Name:_____

                                                          Title: _____

Executed this _____ day of _____, 20____ by _____
                                                          for SWF Food Corp. d/b/a Foodtown

                                                          Print Name:_____

                                                          Title: _____

Executed this _____ day of _____, 20____ by _____
                                                          for Mother Food Corp. d/b/a Foodtown

                                                          Print Name:_____

                                                          Title: _____

Executed this _____ day of _____, 20____ by _____
                                                            Jason Ferreira

Executed this _____ day of _____, 20____ by _____
                                                            Jose Ferreira