**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Andres de los Santos, Domingo Franco, Angel Rodriguez, Ramon Santos, and Jose Ramon Lopez, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>   -against-<br><br>New Food Corp. d/b/a Foodtown, JCA Food Corp. d/b/a Foodtown, JJC Food Corp. d/b/a Foodtown, SWF Food Corp. d/b/a Foodtown, Mother Food Corp. d/b/a Foodtown, Jason Ferreira, and Jose Ferreira,<br><br>        Defendants. | Case No. 14-cv-4541(AYS) |

**DECLARATION OF STEVEN J. MOSER**
**IN SUPPORT OF THE PLAINTIFFS' MOTION FOR PRELIMINARY**
**APPROVAL OF SETTLEMENT, CONDITIONAL CERTIFICATION OF THE**
**SETTLEMENT CLASS, APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS**
**COUNSEL, APPROVAL OF THE PROPOSED NOTICE OF SETTLEMENT**
**AND CLASS ACTION SETTLEMENT PROCEDURE AND**
**FINAL APPROVAL OF THE FLSA SETTLEMENT**

I, Steven J. Moser, declare as follows:

  1.  I am the founder of Moser Law Firm, P.C. (the "Firm") in Glen Cove, New York, Plaintiffs' counsel herein. The Firm is a small litigation firm based in Long Island that primarily focuses on the representation of plaintiffs in class and collective wage and hour representation. In addition, the Firm also represents plaintiffs in a variety of employment matters, including individual discrimination and harassment claims.

  2.  I am the lawyer primarily responsible for prosecuting Plaintiffs' claims.

  3.  I make these statements based upon personal knowledge and would so testify if called as a witness at trial.

1

## **PROCEDURAL HISTORY**

**Investigation**

4.     Before initiating the instant action, Plaintiffs' Counsel conducted thorough investigations, including factual investigation and legal research on the underlying merits of the class claims, the proper measure of damages and the likelihood of class certification.

5.     Plaintiffs' Counsel conducted in-depth interviews with Plaintiffs to determine their hours worked, wages paid, the nature of their duties, and other relevant information.

6.     In addition, Plaintiffs' counsel performed in-depth investigations into Defendants' assets, ownership interests, prior litigations, news articles, media reports and overall business operations.

**Litigation**

7.     On July 29, 2014, Plaintiffs filed a collective and class action complaint in the Litigation (ECF No. 1).

8.     Plaintiffs alleged that Defendants violated the FLSA and NYLL.  Specifically, the complaint asserts a first cause of action for overtime under the FLSA (Compl. ¶¶ 151-164), and a second cause of action for overtime under the NYLL (¶¶ 165-172).  The complaint also asserts a third cause of action for wage statement violations under NYLL § 195(3) (Compl. ¶¶ 173-176), a fourth cause of action for wage notice violations under NYLL § 195(1) (Compl. ¶¶ 177-180), and a fifth cause of action for spread of hours pay (¶¶ 181-186).

9.     On September 2, 2014 the Defendants filed an Answer denying the material allegations in the Complaint (ECF No. 11).

10.    On May 6, 2015, Plaintiffs took the non-party deposition of Ibrahim Cohen, an employee of Time Equipment Corp., the company that provides the hardware and software used

by the Defendants to create and maintain ESI concerning hours worked and wages paid.

11.   Defendants' furnished to the Defendants wage and hour ESI in database form, as well as hundreds of pages of paper documents for the named plaintiffs.  The ESI was analyzed using the native software used by the Defendants.

12.   On October 6, 2015, Plaintiffs moved for conditional certification with respect to their FLSA claims (ECF Docket Nos. 74-78).  On November 24, 2015, the Honorable Joseph F. Bianco, United States District Judge for the Eastern District of New York, granted Plaintiffs' Motion for Conditional certification (ECF Docket No. 89).  Eventually, consent forms were filed by sixty-two (62) individuals as opt-in plaintiffs.

**Court-Supervised Mediation and Settlement**

13.   On March 14, 2016, the parties participated in a settlement conference before the Honorable Anne Y. Shields, United States Magistrate Judge for the Eastern District of New York and agreed to engage in additional discovery for the purposes of participating in additional settlement discussions.

14.   On June 6, 2016, the parties participated in a second settlement conference before U.S. Magistrate Judge Shields and after significant negotiations lasting several hours, the parties reached a settlement.

15.   On January 24, 2017, Named Plaintiffs and Defendants participated in a conference before U.S. Magistrate Judge Shields to discuss the material terms of the settlement.

16.   In the Court's Civil Conference Minute Order dated January 24, 2017, the Court resolved a disagreement between the parties regarding the terms of the settlement, finding that (1) "this case has been settled", (2) "[t]here was a specific recitation of all material terms on the record", (3) the class-action settlement resolved all wage notice and wage statement claims

asserted in the complaint, and (4) the collective action settlement resolves all wage and hour claims of the 62 opt-in plaintiffs and all named plaintiffs

17. On May 9, 2017, the Plaintiffs filed a joint motion for approval of the terms of the yet-to-be-executed FLSA Settlement Agreement (ECF No. 194).

18. On May 10, 2017 the Court issued a docket order approving the FLSA settlement as follows:

> Upon review of the FLSA Settlement Agreement [194-1], the Court finds the terms of the settlement are fair and reasonable consistent with the factors in Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). Therefore, the proposed FLSA Settlement Agreement is hereby APPROVED.

**Post-FLSA Approval Procedural History**

19. Between May 9, 2017 and August 22, 2017, 61 of the 67 FLSA Collective Action Members signed the FLSA Settlement Agreement. I also signed the FLSA Settlement Agreement as the attorney for all the named plaintiffs and FLSA Collective Action Members.

20. A copy of the FLSA Settlement Agreement and an explanatory letter were sent by first class mail to each of the six individuals who did not come to Plaintiffs' Counsel's office to sign the agreement. None of the letters were returned as undeliverable. In addition, Plaintiffs' Counsel diligently attempted to contact these individuals by telephone.

21. After the FLSA Settlement Agreement signed by the Collective Action Members was furnished to the Defendants' Counsel, it was discovered that there were slight variations and discrepancies between the names of approximately twenty-seven (27) FLSA Collective Members as they appeared in Exhibit A to the original FLSA Settlement Agreement, the signatures of the FLSA Collective Members on the FLSA Settlement Agreement and/or Consent to Join Forms. Moreover, when the FLSA Collective Members executed the FLSA Settlement Agreement, approximately eighteen (18) of them corrected their names on their signature pages.

22. On September 1, 2017, at the Defendants' request, Plaintiffs' counsel executed an Addendum to the Joint Stipulation of Settlement and Release and Negotiated Settlement and Release ("Addendum"), in order to reconcile these variations and discrepancies and to clarify and verify the identities of the FLSA Collective Members in this lawsuit.  The Addendum is annexed to this Declaration as Exhibit 3.

23. Annexed to the Addendum is an "Amended Exhibit A."  The "Exhibit A Identification" column reflects the first name and last name of the FLSA Collective Members as listed in the original Exhibit A, the "Signature Name" column shows the names of the FLSA Collective Members appearing on their signature pages to the FLSA Settlement Agreement, and the  "Name from Consent to Join Form" column reflects the names provided by the FLSA Collective Members in their respective Consent to Join Forms filed with this Court.  *See* "Amended Exhibit A" annexed to Exhibit 3.

## EXHIBITS

24. Annexed as exhibits are true and accurate copies of the following documents.

   a. **Exhibit 1.**  A fully executed copy of the Negotiated Settlement Agreement and Release ("Class Action Settlement Agreement").  The proposed notice of the Class Action Settlement is annexed as Exhibit B to the Class Action Settlement Agreement.

   b. **Exhibit 2.**  A fully executed copy of the Joint Stipulation of Settlement and Release ("FLSA Settlement Agreement"); annexed as Exhibit C to the FLSA Settlement Agreement is the distribution worksheet prepared by Plaintiffs' Counsel pursuant to Paragraphs 3.1(C), 3.2 and 3.3 of the agreement.

   c. **Exhibit 3.**  Addendum to the Joint Stipulation of Settlement and Release and

Negotiated Settlement and Release ("Addendum") signed by Plaintiffs' counsel.

## FLSA SETTLEMENT AGREEMENT

25. The FLSA Settlement Agreement calls for the payment of $1,400,000.00, inclusive of attorneys' fees and costs, to the 5 Named Plaintiffs and 62 Opt-In Plaintiffs. FLSA Settlement Agreement (ECF No. 194-1) ¶¶ 1.21; 3.1(B). The Net Settlement Fund of $925,720.41, after deducting attorney's fees and costs (See id. ¶ 3.3) is to be distributed using the formula described in ¶ 3.2(B) of the FLSA Settlement Agreement. This distribution worksheet is annexed the FLSA Settlement Agreement (Exhibit 1) as Exhibit C.

26. The amounts to be distributed to the 5 Named Plaintiffs and 62 opt in plaintiffs were calculated and determined in accordance with the formula described in ¶ 3.2(B) of the FLSA Settlement Agreement.

27. On November 6, 2017 I served the motion for preliminary approval of class action and final approval of the collective action distribution, and a notice showing each participant's share of the collective action settlement, upon the 5 Named Plaintiffs and 62 Opt-In Plaintiffs via first class mail to the addresses on file with my office, as required by ¶2.1(C) of the agreement.

28. Importantly, the FLSA Settlement Agreement is contingent and conditioned upon the Court's entry of an order granting final approval of the Class Action Settlement Agreement "and dismissing with prejudice all claims that were or could have been asserted in the Litigation, inclusive of claims under NYLL §195(1) and NYLL §195(3), and dismissing this Litigation in its entirety with prejudice." FLSA Settlement Agreement ¶ 2.3.

29. Additionally, the 5 Named Plaintiffs and 62 Opt-In Plaintiffs expressly waive any right to appeal any order(s) by this Court granting approval of the FLSA Settlement Agreement and the Class Action Settlement Agreement and/or dismissing with prejudice all claims that were

4827-1721-8642, v. 3

or could have been asserted in this action, inclusive of claims under New York Labor Law § 195(1) and New York Labor Law § 195(3), and dismissing this action in its entirety with prejudice.

30.     If there are no appeals of the final approval order, the Effective Date of the FLSA Settlement Agreement will be 30 days after entry of an order granting final approval of the Class Action Settlement. *Id.* ¶ 1.7. All payments required by the FLSA Settlement Agreement are due within 30 days after the Effective Date. *Id.* ¶ 2.1(F).

## CLASS ACTION SETTLEMENT AGREEMENT

31.     In the Class Action Settlement Agreement, Defendants have agreed to pay a maximum amount of $167,500.00 ("Gross Settlement Amount"), to resolve the wage notice claims under NYLL § 195(1) and wage statement claims under NYLL § 195(3) of all class members. Class Action Settlement Agreement at 5 (¶ 1 defining "Gross Settlement Amount"), 6 (¶ 1, defining "Released Class Claims"), 17 (¶ 3(a)).

32.     The named plaintiffs Andres De Lose Santos, Domingo Franco, Angel Rodriguez, and Jose Ramon Lopez, as well as the FLSA Collective Action members are excluded from the Rule 23 Class. *Id.* at 4 (¶ 1, defining "Class Members"). The Rule 23 Class otherwise includes the class representative (Ramon Santos), and all individuals who "provided services as employees for Defendants between April 9, 2011 to May 9, 2017." *Id.*

33.     Plaintiffs' Counsel will apply for one third (1/3) of the Gross Settlement Amount as attorneys' fees. *Id.* at 18 (¶ 3(c)). Plaintiffs' Counsel will also seek reimbursement of reasonable litigation costs and expenses from the Fund. *Id.*

34.     Ramon Santos, the class representative, will apply for a $5,000 service award from the settlement fund. *Id.* at 18 (¶ 3(d)).

35. The "Net Settlement Fund", which is the balance of the Qualified Settlement Fund after payment of (1) payment of court-approved fees and costs to the settlement claims administrator (2) court-approved attorneys' fees and costs, and (3) the service award to the class representative, will be distributed based upon length of service. *Id.* at 5 (¶ 1, defining "Net Settlement Fund); 19 (¶ 3(e)).

36. Each Class Member who does not opt-out of the settlement will receive a proportional share of the Net Settlement Fund ("NSF") based upon the total number of weeks employed by the Defendants, subject to certain minimums. *Id.* at 19 (¶ 3(e)). A class member who worked fewer than four weeks will receive at least $50.00, and a class member who worked more than four weeks will receive at least $100.00. *Id.*

37. There are approximately 579 Class Members.

## MY BACKGROUND AND EXPERIENCE

38. I was admitted to practice in the State of New York in 1997. I am admitted to the Southern and Eastern Districts of New York.

39. I work almost exclusively in prosecuting wage and hour litigation in federal and state court on behalf of aggrieved workers. I speak Spanish fluently. I am an active member of the National Employment Lawyers association and have litigated minimum wage, overtime, prevailing wage, spread of hours, and RICO claims in the Southern and Eastern Districts of New York.

40. I have been appointed as class counsel in other wage and hour litigation in the Eastern and Southern Districts of New York, and in New York State Supreme Court including *Serrano v. Mamais Contracting Corp. and Trustees of Columbia University in the City of New York, et al.,* 12-cv-06374 (LTS)(S.D.N.Y. October 15, 2013)(ECF No. 64), *Mendez v. U.S.*

8

*Nonwovens Corp.,* 314 F.R.D. 30, 35 (E.D.N.Y. 2016), *Santamaria v. Nature's Value, Inc. et al,* 15-cv-04535 (GRB)(E.D.N.Y. January 4, 2017)(ECF No. 38) and *Sanchez-Herrera v. Quadami, et al.,* Index No. 1507/2016 (Supreme Court, Nassau County 2017).  I have been described as "an experienced FLSA attorney." *Chavez v. White Post Wholesale Growers, Inc.,* 12-cv-1348 (E.D.N.Y. December 18, 2012)(Seybert, J.).

\*     \*     \*

I declare under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: Glen Cove, New York
November 6, 2017

_____
Steven J. Moser