UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ANDRES DE LOS SANTOS, DOMINGO FRANCO,
ANGEL RODRIGUEZ, RAMON SANTOS, and JOSE
RAMON LOPEZ, individually and on behalf of all
others similarly situated,

                                               Case No. 14 Civ. 04541 (AYS)

                    Plaintiffs,

              -against-

NEW FOOD CORP. d/b/a FOODTOWN, JCA FOOD
CORP. d/b/a METFOOD, JJC FOOD CORP. d/b/a
FOODTOWN, SWF FOOD CORP. d/b/a
FOODTOWN, MOTHER FOOD CORP. d/b/a
FOODTOWN, JASON FERREIRA and JOSE
FERREIRA,

                    Defendants.
-----------------------------------------------------------------------X

## NEGOTIATED SETTLEMENT AGREEMENT AND RELEASE

      This Negotiated Settlement Agreement and Release (the "Agreement") is entered into by and between Ramon Santos ("Rule 23 Class Representative" or "Class Representative"), individually and on behalf of the class of individuals that he seeks to represent, on the one hand, and New Food Corp. d/b/a Foodtown, JCA Food Corp. d/b/a Metfood, JJC Food Corp. d/b/a Foodtown, SWF Food Corp. d/b/a Foodtown, Mother Food Corp. d/b/a Foodtown, Jason Ferreira and Jose Ferreira ("Defendants"), on the other hand, in the action styled *De Los Santos, et al. v. New Food Corp., et al.,* and bearing Case No. 14 Civ. 04541 (AYS) (the "Litigation") pending in the United States District Court for the Eastern District of New York ("EDNY").

## RECITALS

      **WHEREAS,** Andres De Los Santos, Domingo Franco, Angel Rodriguez, Ramon Santos, and Jose Ramon Lopez ("Named Plaintiffs") filed a collective and class action complaint in the Litigation on July 29, 2014 (together with all amendments thereto, the "Complaint"); and

      **WHEREAS,** the Complaint purports to assert collective and class action claims against Defendants for alleged violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. and all related regulations ("FLSA") and the New York State Labor Law, as amended, and all related regulations ("NYLL"), based on Defendants': (a) alleged failure to pay minimum wage; (b) alleged failure to pay overtime compensation; (c) alleged failure to pay

1

spread of hours pay pursuant to 12 NYCRR § 142-2.4; (d) alleged failure to provide wage notices pursuant to NYLL §195(1); and (e) alleged failure to provide wage statements pursuant to NYLL §195(3) (ECF Docket No. 1); and

**WHEREAS**, in the Litigation, Named Plaintiffs, individually and on behalf of the class of individuals that they seek to represent, asserted Wage and Hour Claims (as hereinafter defined) against Defendants; and

**WHEREAS**, Defendants filed an Answer denying the material allegations in the Complaint on September 2, 2014 (ECF Docket No. 11), and Defendants have vigorously defended themselves against all of the Wage and Hour Claims in the Litigation and Defendants categorically deny: (a) all of the Wage and Hour Claims made in the Litigation; (b) engaging in any wrongdoing whatsoever; and (c) that they are liable or owe any damages, monies or obligations to anyone with respect to the alleged facts or causes of action alleged in the Litigation;

**WHEREAS**, on October 6, 2015 and November 14, 2015, Named Plaintiffs moved for conditional certification with respect to their FLSA claims (ECF Docket Nos. 74 and 86), and the Honorable Joseph F. Bianco, United States District Judge for the EDNY, granted said motion by order dated November 24, 2015 (ECF Docket No. 89); and

**WHEREAS,** a court-approved notice of pendency was sent to putative class members to file written consent forms to join the Litigation pursuant to the FLSA; and

**WHEREAS**, sixty-two (62) individuals filed consent forms to join the Litigation as opt-in plaintiffs;

**WHEREAS**, Named Plaintiffs and Defendants have engaged in extensive discovery on issues relating to liability and damages; and

**WHEREAS,** on March 14, 2016, Named Plaintiffs and Defendants participated in a settlement conference before the Honorable Anne Y. Shields, United States Magistrate Judge for the EDNY and agreed to engage in additional discovery for the purposes of participating in additional settlement discussions; and

**WHEREAS,** Named Plaintiffs and Defendants exchanged several thousands of pages of additional documents in furtherance of their efforts to potentially settle the Litigation and they reviewed and scrutinized these and other records; and

**WHEREAS,** on June 6, 2016, Named Plaintiffs and Defendants participated in a second settlement conference before U.S. Magistrate Judge Shields and after significant negotiations lasting several hours, including multiple conversations with U.S. Magistrate Judge Shields and exchanges of counteroffers, subsequently reached an accord resulting in this Agreement and the Joint Stipulation of Settlement and Release (as hereinafter defined); and

**WHEREAS,** without admitting or conceding any liability or damages whatsoever,

2

Defendants agreed to settle the Litigation on the terms and conditions set forth in this Agreement, and in the Joint Stipulation of Settlement and Release (as hereinafter defined), to avoid the burden, expense, and uncertainty of continuing the Litigation; and

**WHEREAS,** Class Counsel (as hereinafter defined) conducted a thorough investigation, conducted interviews with putative class and collective members, conducted a deposition of a third-party witness familiar with the timekeeping software utilized by Defendants, obtained and reviewed documents relating to Defendants' compensation practices/policies, analyzed payroll data and time records, analyzed and evaluated the merits of the claims made against Defendants in the Litigation, including the Released Class Claims (as hereinafter defined), and analyzed and evaluated the defenses asserted by Defendants, and after conducting arms-length negotiations, and having participated in three separate settlement conferences with the Court, the Rule 23 Class Representative and Class Counsel are satisfied that the terms and conditions of this Agreement are procedurally and substantively, fair, reasonable, adequate and not a product of collusion, and that this Agreement is in the best interest of the Class Members (as hereinafter defined); and

**WHEREAS,** on June 6, 2016 and June 9, 2016 respectively, Defendants and Named Plaintiffs filed a Notice, Consent, and Reference of a Civil Action to a Magistrate Judge with the EDNY, consenting to have U.S. Magistrate Judge Shields conduct all proceedings in the Litigation and on June 10, 2016, U.S. District Court Judge Joseph F. Bianco of the EDNY issued an order referring the Litigation to U.S. Magistrate Judge Shields to conduct all proceedings in the Litigation and order entry of a final judgment in accordance with 28 U.S.C. §636(c) and Fed. R. Civ. P. 73; and

**WHEREAS,** on January 24, 2017, Named Plaintiffs and Defendants participated in a conference before U.S. Magistrate Judge Shields to discuss the material terms of the settlement of the Litigation and on January 24, 2017, U.S. Magistrate Judge Shields issued an order confirming the material terms of the settlement of the Litigation; and

**WHEREAS,** the purpose of this Agreement is to settle fully and finally all Released Class Claims (as hereinafter defined) between Class Members or Rule 23 Class Members (as hereinafter defined) and Defendants; and

**WHEREAS,** the Plaintiffs (as hereinafter defined), the FLSA Collective Members (as hereinafter defined), the Rule 23 Class Representative, and the Defendants entered into a separate agreement to settle fully and finally all Released Wage Claims (as hereinafter defined) that were or could have been asserted in the Litigation against Defendants by the Plaintiffs, the FLSA Collective Members, and the Rule 23 Class Representative ("Joint Stipulation of Settlement and Release");

**NOW, THEREFORE,** in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Released Class Claims between the Rule 23 Class Representative, the Class Members (as hereinafter defined) and the Defendants on the following terms and conditions:

2631064_2: Class Action Settlement for Rule 23 Class.FINAL.8.1.17

I.    DEFINITIONS

The defined terms set forth in this Agreement have the meanings ascribed to them below:

"Agreement" means this Negotiated Settlement Agreement and Release.

"Acceptance Period" means the 45 days that a Class Member has to sign and cash a Settlement Check.

"Class Counsel" means the Moser Employment Law Firm, P.C.

"Class Members" or "Rule 23 Class Members" means the Rule 23 Class Representative and all individuals (other than Andres De Los Santos, Domingo Franco, Angel Rodriguez, and Jose Ramon Lopez, and the FLSA Collective Members) who: (a) provided services as employees for Defendants between April 9, 2011 to May 9, 2017, and (b) do not timely and properly opt out of the settlement of the NYLL claims for Defendants' alleged failure to provide wage notices pursuant to NYLL §195(1) and Defendants' alleged failure to provide wage statements pursuant to NYLL §195(3). The Rule 23 Class Members are identified in the Class List (as hereinafter defined). There are five hundred and seventy-nine (579) individuals identified as Rule 23 Class Members in the Class List (as hereinafter defined).

"Class Representative" or "Rule 23 Class Representative" means Ramon Santos.

"Costs and Fees" means the Class Counsel's attorneys' fees, costs, and expenses, the Settlement Claims Administrator's fees and costs, and the Service Award.

"Court" or "EDNY" means the United States District Court for the Eastern District of New York, the Honorable Anne Y. Shields, United States Magistrate Judge, presiding.

"Days" means calendar days. If a deadline set forth herein falls on a weekend or national holiday, the deadline shall be the next weekday that is not a national holiday.

"Defendants" mean New Food Corp. d/b/a Foodtown, JCA Food Corp. d/b/a Metfood, JJC Food Corp. d/b/a Foodtown, SWF Food Corp. d/b/a Foodtown, Mother Food Corp. d/b/a Foodtown, Jason Ferreira and Jose Ferreira.

"Defendants' Counsel" means Forchelli, Curto, Deegan, Schwartz, Mineo & Terrana, LLP.

"Effective Date" shall be the later of (i) if there is no appeal of the Court's Final Approval Order, the date thirty (30) days after entry of such Order, or (ii) if there is an appeal of the Court's Final Approval Order, thirty (30) days after all appeals are resolved in favor of approval of this Agreement.

4

"Fairness Hearing" means the hearing before the Court relating to the Motion for Final Approval.

"Final Approval Order" means the Order entered by the Court after the Fairness Hearing, approving the terms and conditions of this Agreement, distribution of the Settlement Checks and Service Award, payment of the Costs and Fees, and Dismissal of the Litigation with prejudice.

"Final Settlement Amount" means the sum of all Settlement Checks cashed by the Rule 23 Class Members plus all Court approved Costs and Fees. The Final Settlement Amount shall not exceed the Gross Settlement Amount.

"FLSA" means the Fair Labor Standards Act, as amended, and all related regulations, as amended.

"FLSA Collective Members" means all Plaintiffs, as well as, all non-exempt employees who were included in the Conditionally Certified Collective and who returned their consent forms to join this Litigation as an opt-in plaintiff. A list of the FLSA Collective Members is annexed to this Agreement as **Exhibit A**.

"Gross Settlement Amount" means the aggregate gross total of One Hundred Sixty Seven Thousand Five Hundred Dollars and Zero Cents ($167,500.00), which Defendants have agreed to pay for complete and final settlement and resolution of the Released Class Claims between the Rule 23 Class Members and Defendants in the Litigation, inclusive of all Costs and Fees and the Service Award.

"Litigation" means the lawsuit filed in the EDNY and styled *De Los Santos, et al. v. New Food Corp., et al.*, Case No. 14 Civ. 04541.

"Named Plaintiffs" means Andres De Los Santos, Domingo Franco, Angel Rodriguez, Ramon Santos, and Jose Ramon Lopez.

"Net Settlement Fund" means the remainder of the Gross Settlement Amount after deductions for: (i) Court-approved fees and costs for the Settlement Claims Administrator; (ii) Court-approved attorneys' fees and costs for Class Counsel; and (iii) Court-approved Service Award to the Rule 23 Class Representative.

"Notice" or "Notices" means the Court-approved Notice of Proposed Class Action Settlement and Fairness Hearing.

"NYLL" means the New York Labor Law, as amended, and all related regulations (including, without limitation, minimum wage orders), as amended.

"Objector" means an individual who files an objection to this Agreement, and does not include any individual who opts-out of this Agreement.

"Opt-out Statement" means a written, signed statement, which states that an individual

5

has decided to opt-out and not be bound by this Agreement and settlement as a Rule 23 Class Member.

"Parties" means, collectively, the Rule 23 Class Representative, the Rule 23 Class Members, and Defendants.

"Plaintiffs" means only Andres De Los Santos, Domingo Franco, Angel Rodriguez, and Jose Ramon Lopez, and shall exclude Ramon Santos, the Rule 23 Class Representative.

"Preliminary Approval Order" means the Order entered by the Court preliminarily approving the terms and conditions of this Agreement, and directing the manner and timing of providing Notices to the Class Members.

"Qualified Settlement Fund" or "QSF" means the account established by the Settlement Claims Administrator for the Gross Settlement Amount paid by the Defendants. The QSF will be controlled by the Settlement Claims Administrator subject to the terms of this Agreement and the Court's Preliminary Approval Order and Final Approval Order. Interest, if any, earned on the QSF will become part of the Settlement Amount.

"Released Wage Claims" means any and all claims released as defined in section 1.16 of the Joint Stipulation of Settlement and Release between the Plaintiffs, the FLSA Collective Members, the Rule 23 Class Representative, and the Defendants in this Litigation.

"Released Class Claims" means any and all claims, demands, complaints, causes of action, lawsuits, grievances, arbitrations, proceedings, duties, obligations, damages, judgments, and liabilities based on or arising from Defendants' alleged failure to provide wage notices pursuant to NYLL §195(1) and Defendants' alleged failure to provide wage statements pursuant to NYLL §195(3), that were or could have been asserted in the Litigation, whether known or unknown, from the beginning of the world through the date the Court enters the Preliminary Approval Order, including, but not limited to, all claims for damages, penalties, interest, liquidated damages, attorneys' fees, costs, and any other relief related to such Released Class Claims.

"Releasees" means all Defendants, their heirs, administrators, representatives, executors, estates, predecessors, successors, assigns, divisions, affiliates, subsidiaries, parents, business entities and companies under common ownership or control, related business entities and companies, business units, committees, groups, and their current and former owners, principals, shareholders, partners, members, officers, directors, trustees, investors, managers, employees, attorneys, accountants, insurers, fiduciaries, representatives, agents, predecessors, successors, and assigns, in their individual, representative, and business capacities, and all of the individuals or entities that hold an interest in New Food Corp., JCA Food Corp., JJC Food Corp., SWF Food Corp., and Mother Food Corp., and their current and former owners, principals, shareholders, partners, members, officers, directors, trustees, investors, managers, employees, attorneys, accountants, insurers, fiduciaries, representatives, agents, predecessors, successors, and assigns, in their individual, representative, and business capacities.

2631064_2: Class Action Settlement for Rule 23 Class.FINAL.8.1.17

"Settlement Claims Administrator" means Settlement Services, Inc., which is the qualified administrator selected by Class Counsel.

"Settlement Checks" means checks issued to the Class Members by the Settlement Claims Administrator for their respective share of the Net Settlement Fund calculated in accordance with this Agreement.

"Wage and Hour Claims" means any and all claims the Named Plaintiffs (individually and on behalf of the class of individuals that they seek to represent), FLSA Collective Members, and the Rule 23 Class Representative asserted under the FLSA and NYLL in the Litigation seeking, among other things, minimum wages, overtime wages, unpaid wages, spread of hours pay, liquidated damages, statutory damages, penalties, interest and attorneys' fees and costs, together with all other claims the Named Plaintiffs, FLSA Collective Members, and Rule 23 Class Representative have asserted or could assert relating to the payment or recovery of wages in the Litigation.

2.    APPROVAL AND CLASS NOTICE

a.    Binding Agreement. This Agreement is a binding agreement and contains all material agreed upon terms for the Parties to seek a full and final settlement of the Litigation.

b.    Retention and Duties of the Settlement Claims Administrator.

Class Counsel shall be responsible for retaining the Settlement Claims Administrator. The Settlement Claims Administrator will be responsible for: (i) preparing, printing and disseminating to Class Members the Notice; (ii) performing a skip trace and resending, within five (5) business days of receipt, any Notice returned without a forwarding address, or resending to those with a new forwarding address; (iii) responding to inquiries from respective parties regarding requests or communications made by the Parties; (iv) monitoring and maintaining a telephone number with telephone answerers until the Effective Date; (v) promptly furnishing to counsel for the Parties copies of any requests for exclusion, objections or other written or electronic communications from Class Members that the Settlement Claims Administrator receives; (vi) keeping track of requests for exclusion or objection, including maintaining the original envelope in which the request or objection was mailed; (vii) calculating and determining each of the Class Members' proportionate share of the Net Settlement Fund in accordance with the formula specified in Section 3(e) of this Agreement; (viii) distributing the Settlement Checks to Class Members, Service Award and/or Court-approved Costs and Fees, as necessary and pursuant to the terms of this Agreement; (ix) preparing, sending and/or wire-transferring Class Counsel's Court-approved attorneys' fees, expenses, and costs; (x) mailing the Service Award and Settlement Checks in accordance with this Agreement and the Final Approval Order; (xi) issuing the IRS Form 1099s, to the extent required, for all amounts paid from the Gross Settlement Amount; (xii) responding to inquiries of Class Members regarding procedures for filing objections and Opt-out Statements; (xiii) referring to Class Counsel all inquiries by Class Members regarding matters not within the Settlement Claim Administrator's duties specified herein; (xiv) responding to inquiries of counsel for the Parties relating to the Settlement Claims Administrator's duties specified herein; (xv) promptly apprising counsel for the Parties of the

activities of the Settlement Claims Administrator; (xvi) maintaining adequate records of its activities, including, the costs and fees it incurs with respect to the QSF, the dates of the mailing of Notices, returned mail and any and all other actual or attempted written or electronic communications with Class Members; (xvii) confirming in writing to counsel for the Parties and the Court its completion of the administration of the settlement; (xviii) timely responding to communications from the Parties and their counsel; (xix) providing all information, documents and calculations necessary to confirm the Final Settlement Amount; (xx) providing the original Settlement Checks or images of the Settlement Checks signed by the Class Members to Defendants' Counsel; (xxi) providing copies or images of the Settlement Checks to Class Counsel for filing with the Court; (xxii) providing proof of payment of the Service Award to Defendants' Counsel and Class Counsel; (xxiii) preparing a declaration regarding its due diligence in the claims administration process; (xxiv) complying with all requirements under the Class Action Fairness Act ("CAFA"), including, without limitation, sending and serving all notices required by the CAFA to all appropriate officials; (xxv) maintaining the Class List (as defined herein), and information contained therein as confidential in accordance with Section 2(f) of this Agreement;  (xxvi) contacting Class Members and obtaining from them their social security numbers or tax identification numbers to process the Form 1099s for the amounts paid to each of them respectively under this Agreement, to the extent such information is not available from the Class List (as hereinafter defined) and to the extent the amounts paid to Class Members are reportable on Form 1099s; and (xxvii) such other tasks as the Parties mutually agree.

The Settlement Claims Administrator shall keep accurate time and expense records relating to the administration of the settlement.  The Settlement Claims Administrator's Court-approved costs and fees shall be paid from the QSF.  Defendants shall not responsible for payment of the Settlement Claims Administrator's costs and fees.

The Parties will have equal access to the Settlement Claims Administrator and all information related to the administration of the settlement. The Settlement Claims Administrator will provide regular reports to the Parties regarding the status of the mailing of the Notices to Class Members, the receipt of any returned Notices, Opt-out Statements, and written objections, claims administration process, and distribution of the Settlement Checks.

Defendants agree to cooperate with the Settlement Claims Administrator, provide accurate information, to the extent reasonably available, necessary to calculate the Settlement Checks, and assist the Settlement Claims Administrator in locating Class Members.

c.       CAFA Notice. Within 10 days after this proposed Agreement is filed or otherwise presented to the Court, the Settlement Claims Administrator, with the reasonable assistance of Defendants, will serve upon the appropriate officials in each state in which a Rule 23 Class Member resides (based upon Rule 23 Class Members' last known addresses) and the Attorney General of the United States a notice of the proposed settlement in compliance with the requirements of the CAFA.  To the extent the last known address of any Rule 23 Class Member is unavailable or invalid, the Settlement Claims Administrator shall serve a notice of the proposed settlement in compliance with the requirements of the CAFA upon the appropriate officials in all fifty (50) states of the United States, the District of Columbia, the U.S. territories, the Attorney General of the United States, and any other officials as required by the CAFA, within 10 days after this proposed Agreement is filed or otherwise presented to the Court.

8

d.      Preliminary Approval Motion. Within seven (7) days after Class Counsel receives a fully-executed copy of this Agreement and a fully-executed copy of the Joint Stipulation of Settlement and Release, the Rule 23 Class Representative and Class Counsel will submit to the Court a Motion for Conditional Certification of the Settlement Class and for Preliminary Approval of the Class Action Settlement ("Preliminary Approval Motion"). In the Preliminary Approval Motion, the Rule 23 Class Representative and Class Counsel shall set forth the bases for the Court's subject matter jurisdiction over the class action claims and Released Class Claims and the Rule 23 Class Representative and Class Counsel shall request, among other things, that the Court: (a) assert subject matter jurisdiction over the class action claims under NYLL §195(1) and NYLL §195(3) asserted in the Complaint and Released Class Claims, (b) preliminarily certify the Class Members as a class under Rule 23 of the Federal Rules of Civil Procedure, solely for purposes of settlement; (c) appoint Moser Employment Law Firm, P.C. to serve as Class Counsel; (d) approve the proposed Notice of Proposed Class Action Settlement and Fairness Hearing and approve the distribution of the Notice to the Class Members; (e) preliminarily approve this Agreement as fair, reasonable, adequate, and binding on the Class Representative and Class Members, and (f) dismiss the Litigation with prejudice and without attorneys' fees or costs to any party except as provided in this Agreement, at the Fairness Hearing. In connection with the Preliminary Approval Motion, the Rule 23 Class Representative and Class Counsel will submit to the Court, among other things, (i) a proposed Notice of Class Action Settlement and Fairness Hearing which is annexed hereto as **Exhibit B**; and (ii) a proposed Preliminary Approval Order. The Preliminary Approval Motion will seek the setting of dates for opt-outs, objections, a briefing schedule for the Final Approval Motion and a Fairness Hearing. Defendants will not oppose the Preliminary Approval Motion; however, if Defendants have any comments that the Rule 23 Class Representative and Class Counsel refuse to adopt in their Motion for Preliminary Approval, then the Rule 23 Class Representative and Class Counsel shall note those comments in their Motion for Preliminary Approval. In the Preliminary Approval Motion, the Rule 23 Class Representative and Class Counsel shall notify the Court that the Parties have agreed that this Agreement and the Court's approval of this Agreement is contingent and conditioned upon the Court's issuance of a final order approving the Joint Stipulation of Settlement and Release and dismissing with prejudice the Plaintiffs', the FLSA Collective Members', and the Rule 23 Class Representative's Released Wage Claims (as defined in the Joint Stipulation of Settlement and Release).

The proposed Preliminary Approval Order will include the findings required by Federal Rule of Civil Procedure 23(a) and 23(b)(3) and findings and legal authority for the Court's subject matter jurisdiction over the class action claims and Released Class Claims. The Preliminary Approval Motion also will seek the setting of date(s) for individuals to opt out of the Rule 23 Class and/or file objections to the settlement, which date shall be thirty (30) days from the mailing of the Notice to the Class Member, but no later than sixty (60) days from the Preliminary Approval Order, and for a Fairness Hearing for Final Approval of the settlement before the Court at the earliest practicable date.

Additionally, in the Preliminary Approval Motion, Class Counsel will inform the Court of the intended process to obtain a "Final Approval Order" and a "Judgment of Dismissal" that will, among other things: (i) approve the settlement and this Agreement as final, fair, reasonable,

adequate, and binding on all Class Members who have not timely and properly opted out of the settlement; (ii) incorporate the terms of this Agreement; (iii) approve the Joint Stipulation of Settlement and Release between the Plaintiffs, the FLSA Collective Members, the Rule 23 Class Representative, and the Defendants; (iv) dismiss the Litigation in its entirety with prejudice; (v) award Costs and Fees; and (vi) authorize distribution and payment of the Settlement Checks to the Class Members.

If the Court denies the Motion for Preliminary Approval, then the Parties jointly agree to seek reconsideration of the ruling, or the Parties shall use good faith efforts to renegotiate the settlement and seek Court approval of a renegotiated settlement addressing the issues raised by the Court, and in accordance with the Court's directives to effectuate final settlement and dismissal of this Litigation in its entirety with prejudice. Should reconsideration and/or the Parties' attempt to secure Court approval of a renegotiated settlement be denied, Defendants shall not be obligated to make any of the payments specified in this Agreement, and in the Joint Stipulation of Settlement and Release, the case will proceed as if no settlement had been attempted, and this Agreement may not be used in any fashion. In such a case, the Parties will negotiate and submit for Court approval a revised case management schedule. Further, in such a case, the Joint Stipulation of Settlement and Release between the Plaintiffs, the FLSA Collective Members, the Rule 23 Class Representative and the Defendants concerning the full settlement of the Released Wage Claims shall be withdrawn and void.

The Parties will work together, diligently and in good faith, to obtain expeditiously a Preliminary Approval Order, Final Approval Order, and Judgment of Dismissal.

e.    Notice to Class Members.

Within ten (10) days of the Court's issuance of a Preliminary Approval Order, Defendants will provide to the Settlement Claims Administrator and Class Counsel, in electronic form, for all Class Members the following information to the extent available: name, social security number (or tax identification number), last known address, dates of service and number of weeks worked between April 9, 2011 to May 9, 2017, as that information exists on file with Defendants ("Class List").

Within twenty (20) days of the Court's issuance of the Preliminary Approval Order, the Settlement Claims Administrator will mail to all Class Members, via First Class United States Mail, postage prepaid, the Court-approved Notice of Class Action Settlement and Fairness Hearing.

f.    Class List is Confidential.

The Parties hereby agree that all information contained in the Class List is confidential. The Class List shall be used solely in connection with effectuating the settlement under the terms of this Agreement, and shall not be disclosed to any persons, officials, or entities for any reason, except for: (1) Defendants and their agents; (2) Defendants' Counsel; (3) Class Counsel; (4) the Settlement Claims Administrator and agents regularly used by the Settlement Claims Administrator to fulfill its obligations under settlements similar to this

settlement; (5) the Court, under seal as provided herein, and (6) any other person, official, or entity as required by law. The Class List shall not be disclosed to the Rule 23 Class Representative or the Rule 23 Class Members. The Settlement Claims Administrator, as a condition of its retention and appointment, shall agree in writing that all information contained in the Class List is and shall remain confidential. If the Class List must be provided to the Court for any reason, including, but not limited to, obtaining approval of this settlement, the Class List shall be provided under seal to the extent permitted by law (including, without limitation, any applicable rules of court) and shall be kept under seal. To the extent that the Court requires any further act by the Parties as a precondition to the filing of documents under seal, it shall be the obligation of the producing party to satisfy any such precondition. When possible, only confidential portions of the filings with the Court shall be filed under seal.

The above-enumerated persons, officials, and entities agree that they shall keep the contents of the Class List confidential, and they will not disclose the Class List to any persons, officials, or entities, except as permitted herein.

Within ten (10) days of the Court's issuance of a Preliminary Approval Order, Defendants will provide to Class Counsel, a separate list containing only the names of the Class Members that may be reviewed by the Rule 23 Class Representative. The Rule 23 Class Representative and Class Counsel agree that they shall keep the contents of said list confidential and shall not disclose the contents of said list to any person or entity. The Rule 23 Class Representative shall not retain any copies of said list.

In the event the Rule 23 Class Representative is found by this Court to have violated any provision of this Section, Defendants shall be entitled to recover any and all appropriate relief against the Rule 23 Class Representative, including, without limitation, injunctive relief, damages, reasonable attorneys' fees, costs, and interest, and any and all other relief deemed reasonable and just by this Court.

Nothing in this Agreement shall limit or otherwise impair Defendants' rights to seek and recover any and all appropriate relief against any person, official or entity for violating any provision of this Section.

In the event the Rule 23 Class Representative or Class Counsel is subpoenaed by any person or entity (including, but not limited to, any government agency) to disclose any information from the Class List or this settlement, the subpoenaed party will give prompt written notice within seven (7) days of such subpoena(s) to the Defendants' Counsel and, if possible, will make no disclosure until Defendants have a reasonable opportunity to contest the right of the requesting person or entity to such disclosure.

g. Skip Trace and Re-mailing. If a Notice is returned as undeliverable, the Settlement Claims Administrator shall take all reasonable steps to obtain a current address, including one (1) skip trace and a review of the NCOA database, and shall re-mail the Notice to such address. The Settlement Claims Administrator shall also mail a Notice to any Class Member who requests them after the initial mailing of the Notice. Within thirty (30) days of the mailing, the Settlement Claims Administrator will notify Class Counsel and Defendants' Counsel

11

of any Notice sent to a Class Member that is returned as undeliverable after the first mailing, as well as any such Notice returned as undeliverable after any subsequent mailing(s) as set forth in this Agreement. Class Counsel may endeavor to identify updated addresses or email addresses for such individuals.

      h.     Rule 23 Class Member Opt-outs.

Rule 23 Class Members who choose to opt-out of the settlement as set forth in this Agreement must mail, via First Class United States Mail, postage prepaid, a written and signed Opt-Out Statement to the Settlement Claims Administrator. To be effective, (1) the Opt-out Statement must state: "I opt-out of the Foodtown/Metfood class action settlement;" (2) the Opt-out Statement must include the name, job title, address, telephone number and signature of the person opting-out of the settlement; and (3) the Opt-out Statement must be postmarked within thirty (30) days from the date of the Notice to the Class Member and no later than sixty (60) days from the date of the Preliminary Approval Order.

Rule 23 Class Members whose first mailing was returned to the Settlement Claims Administrator as undeliverable will be allowed to opt-out or object up to thirty (30) days from the date of the second mailing but no later than sixty (60) days from the Preliminary Approval Order. The Settlement Claims Administrator shall attempt at least two (2) mailings of the Notice to any Class Member.

The Settlement Claims Administrator shall keep accurate records of the dates on which it sends Notices to Class Members.

The Settlement Claims Administrator will stamp the postmark date on the original of each Opt-out Statement that it receives and shall serve copies of each Opt-out Statement on Class Counsel and Defendants' Counsel no later than five (5) days after receipt thereof. The Settlement Claims Administrator will also, within five (5) days of the end of the Opt-out Period, file with the Clerk of Court, stamped copies of any Opt-out Statement. The Settlement Claims Administrator will, within twenty-four (24) hours of the end of the Opt-out Period, send a final list of all Opt-out Statements to Class Counsel and Defendants' Counsel by both email and overnight delivery. The Settlement Claims Administrator will retain the stamped originals of all Opt-out Statements and originals of all envelopes accompanying all Opt-out Statements in its files until such time as the Settlement Claims Administrator is relieved of its duties and responsibilities under this Agreement.

Any Rule 23 Class Member who does not properly submit an Opt-out Statement pursuant to this Agreement, will be deemed to have accepted the settlement and the terms of this Agreement and will be issued a Settlement Check, which will contain a release of their claims pursuant to NYLL §195(1) and NYLL §195(3) as set forth in this Agreement.

      i.     Defendants' Ability to Revoke.

Defendants have the right to revoke this Agreement if more than fifteen percent (15%) of the Rule 23 Class Members timely and properly opt-out under Section 2(h) by delivering written

notice to Class Counsel of Defendants' intent to revoke within fifteen (15) days after the end of the Opt-Out Period. If Defendants revoke this Agreement, the Litigation will proceed as if there was no attempt at settlement. In that event the class(es) certified for purposes of settlement shall be decertified, and Defendants may contest whether this Litigation should be maintained as a class action or collective action and contest the merits of the claims being asserted in the Litigation.

      j.     Objections to Settlement.

Class Members who wish to present objections to the proposed settlement at the Fairness Hearing must first do so in a written statement ("Written Objection"). To be considered, the Written Objection must be mailed to the Settlement Claims Administrator, via First-Class United States Mail, postage prepaid, and be received by the Settlement Claims Administrator by a date certain thirty (30) days from the mailing of the Notice to the Class Member and no later than sixty (60) days from the date of the Preliminary Approval Order. The Written Objection must include: (i) the words, "I object to the Foodtown/Metfood class action settlement"; (ii) all reasons for the objection (any reasons not included in the statement will not be considered); and, (iii) the name, job title, address, and telephone numbers for the Class Member making the objection. An objection will not be valid or considered by the Court if it does not specifically comply with all of the requirements listed herein. The Settlement Claims Administrator will stamp the date received on the original and send copies of each Written Objection to Class Counsel and Defendants' Counsel by email and overnight delivery no later than three (3) days after receipt thereof. The Settlement Claims Administrator will also file the date-stamped originals of any and all Written Objections with the Court within three (3) days after the end of the Opt-out Period.

An Objector also has the right to appear at the Fairness Hearing either in person or through counsel hired by the Objector. An Objector who wishes to appear at the Fairness Hearing must state his or her intention to do so in writing on his or her written objections at the time he or she submits his or her written objections. An Objector may withdraw his or her objections at any time. No Class Member may appear at the Fairness Hearing unless he or she has filed a timely objection that complies with the procedures provided in this section. No Class Member may present an objection at the Fairness Hearing based on a reason not stated in his or her Written Objections. A Class Member who has submitted an Opt-out Statement may not submit objections to the Settlement or speak at the Fairness Hearing.

The Parties may file with the Court written responses to any filed objections no later than fourteen (14) days before the Fairness Hearing.

      k.     Entry of Final Approval Order. In accordance with the deadlines set by the Court, the Rule 23 Class Representatives and Class Counsel will submit to the Court a Motion for Certification of the Settlement Class and for Approval of the Class Action Settlement (the "Final Approval Motion"), which shall be returnable at the Fairness Hearing. In the Final Approval Motion, and at the Fairness Hearing, the Parties will request that the Court, among other things, enter an Order: (1) certifying the class for purposes of settlement; (2) approving the settlement and this Agreement as final, fair, reasonable, adequate, and binding on all Class Members who

have not timely and properly opted out of the settlement; (3) enjoining all Class Members who do not timely and properly opt out from pursuing and/or seeking to reopen the Released Class Claims; (4) ordering the Settlement Claims Administrator to distribute Settlement Checks to the Class Members and any Service Awards to the Rule 23 Class Representative as described in this Agreement; (5) ordering applicable Costs and Fees to be paid from the Qualified Settlement Fund; (6) dismissing the Litigation in its entirety with prejudice, and releasing and discharging the Released Wage Claims and Released Class Claims as against Defendants with prejudice; (7) entering a Final Approval Order in accordance with the settlement, this Agreement, and the Joint Stipulation of Settlement and Release; (8) entering a Judgment of Dismissal of this Litigation with prejudice; (9) appointing Moser Employment Law Firm, P.C. to act and serve as Class Counsel; (10) approving the Joint Stipulation of Settlement and Release; and (11) retaining jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement, the Joint Stipulation of Settlement and Release, and of the settlement of the Litigation.

The Final Approval Order may further order the Settlement Claims Administrator to: (1) provide verification to Class Counsel and Defendants' Counsel that it has distributed the Settlement Checks, and (2) retain copies of all of the endorsed Settlement Checks.

l.      Effect of Failure to Grant Final Approval. In the event the Court fails to enter the Final Approval Order in accordance with this Agreement or fails to enter an order dismissing the Class Representative and Class Members' Released Class Claims against Defendants' with prejudice, or if the Court fails to approve the Joint Stipulation of Settlement and Release, and fails to enter an order dismissing the Plaintiffs', the FLSA Collective Action Members' and the Rule 23 Class Representative's Released Wage Claims against Defendants, with prejudice, the Parties shall use good faith efforts to renegotiate the settlement(s) and seek Court approval of the renegotiated settlement(s) in accordance with the Court's directives to effectuate final settlement and dismissal of this Litigation in its entirety with prejudice, or the Parties shall agree to seek reconsideration or appellate review of the decision denying entry of Judgment of Dismissal. In the event a mutually agreed-upon settlement is not approved or any reconsideration or appellate review is denied, Defendants shall not be obligated to make any of the payments specified in this Agreement and/or in the Joint Stipulation of Settlement and Release, and the Litigation will proceed as if no settlement had been attempted and this Agreement and/or the Joint Stipulation of Settlement and Release may not be used in any fashion. In that event, the class certified for purposes of settlement shall be decertified, and Defendants may contest whether this Litigation should be maintained as a class action or collective action and contest the merits or the claims being asserted in the Litigation. In such a case, the Parties will negotiate and submit for Court approval a revised case management schedule.

m.      The Court will provide a notice to Class Members that the Agreement did not receive final approval and that, as a result, no payments will be made to Class Members under the Agreement.  Such notice shall be mailed by the Settlement Claims Administrator via First Class United States Mail, postage prepaid, to the addresses used by the Settlement Claims Administrator in mailing the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing.

2631064_2: Class Action Settlement for Rule 23 Class.FINAL.8.1.17

n.  Releases and Consents to Join.

A Rule 23 Class Member who does not timely return an Opt-out Statement will be issued a Settlement Check by the Settlement Claims Administrator from the Qualified Settlement Fund in accordance with the Final Approval Order.

All check stubs attached to the Settlement Checks sent to Rule 23 Class Members shall contain, the following release language:

"FINAL RELEASE OF CLAIMS:

I understand that I have up to forty-five (45) days from the date I was mailed this Settlement Check to sign and cash this Settlement Check.

By endorsing or otherwise negotiating this check, I agree to be bound by the Negotiated Settlement Agreement and Release negotiated by Class Counsel in the litigation captioned, *De Los Santos, et al. v. New Food Corp., et al.*, Case No. 14 Civ. 04541, United States District Court, Eastern District of New York.

I irrevocably and unconditionally waive, release, extinguish, acquit, and forever discharge any claim that I have or might have against Defendants, their heirs, administrators, representatives, executors, estates, predecessors, successors, assigns, divisions, affiliates, subsidiaries, parents, business entities and companies under common ownership or control, related business entities and companies, business units, committees, groups, and their current and former owners, principals, shareholders, partners, members, officers, directors, trustees, investors, managers, employees, attorneys, accountants, insurers, fiduciaries, representatives, agents, predecessors, successors, and assigns, in their individual, representative, and business capacities, and all of the individuals or entities that hold an interest in New Food Corp., JCA Food Corp., JJC Food Corp., SWF Food Corp., and Mother Food Corp., and their current and former owners, principals, shareholders, partners, members, officers, directors, trustees, investors, managers, employees, attorneys, accountants, insurers, fiduciaries, representatives, agents, predecessors, successors, and assigns, in their individual, representative, and business capacities, for any violations of New York Labor Law §195(1) and New York Labor Law §195(3), from the beginning of the world through [the date of the Preliminary Approval Order]."

The back of all Settlement Checks sent to Rule 23 Class Members shall contain the following language:

"By endorsing or otherwise negotiating this check, I understand and agree that I am bound by the FINAL RELEASE OF CLAIMS that is contained on the attached check stub.

Dated:_____,

Signature_____"

15

o.       Defendants shall have no obligation to provide any of the payments specified in this Agreement and/or the Joint Stipulation of Settlement and Release, and the Parties shall proceed with the Litigation as if no settlement occurred, if any of the following events take place: (1) the Court rejects this Agreement and/or fails to enter an order dismissing the Rule 23 Class Representative and Rule 23 Class Members' Released Class Claims with prejudice; or (2) the Court does not enter an  order granting final approval of the Joint Stipulation of Settlement and Release,  dismissing with prejudice the Plaintiffs', FLSA Collective Members and Rule 23 Class Representative's Released Wage Claims, and dismissing this Litigation in its entirety with prejudice; or (3) there is an appeal of any order by this Court order granting approval of this Agreement or denying, modifying, or revising any term contained in this Agreement; or (4) there is an appeal of the Court's order granting final approval of the Joint Stipulation of Settlement and Release and dismissing with prejudice of all claims that were or could have been asserted in the Litigation, inclusive of the Release Wage Claims and Released Class Claims and dismissing this Litigation in its entirety with prejudice.

p.       Effectiveness.  This Agreement shall be effective only when: (a) this Agreement is executed by all the Parties and/or their representatives; and (b) the Court enters a Final Approval Order approving this Agreement and the settlement of the Rule 23 Class Representative's and Class Members' Released Class Claims, and dismissing with prejudice all Released Class Claims; and (c) the Joint Stipulation of Settlement and Release is executed by all Plaintiffs', all FLSA Collective Members, the Rule 23 Class Representative and Defendants, and/or their respective counsel; and (d) the Court enters a final order approving the Joint Stipulation of Settlement and Release and the settlement of the Released Wage Claims as final, fair, reasonable, adequate and binding on all Plaintiffs, all FLSA Collective Members, and the Rule 23 Class Representative and dismissing all Plaintiffs', all FLSA Collective Members', and the Rule 23 Class Representative's Released Wage Claims in the Litigation with prejudice and without attorneys' fees or costs to any party except as provided in the Joint Stipulation of Settlement and Release; and (e) the Court enters an order and Judgment of Dismissal dismissing this Litigation in its entirety with Prejudice; and  (f) all appeals are either withdrawn with prejudice or resolved in favor of final approval of this Agreement and in favor of final approval of the Joint Stipulation of Settlement and Release and all claims asserted in the Litigation are dismissed with prejudice and the Litigation is dismissed in its entirety with prejudice. Notwithstanding the foregoing language in this Section, the provisions of Section 2(d) and Section 2(f) of this Agreement shall become effective immediately upon execution of this Agreement by all Parties.

q.       This Agreement Contingent Upon the Court's Final Approval of the Joint Stipulation of Settlement and Release.

The Parties agree and acknowledge that the Court's final approval of this Agreement is contingent and conditioned upon the Court's entry of a final order granting final approval of the Joint Stipulation of Settlement and Release between the Plaintiffs, the FLSA Collective Members, the Rule 23 Class Representative and the Defendants, settling all Released Wage Claims (as defined in the Joint Stipulation of Settlement and Release), and dismissing such Released Wage Claims in the Litigation with prejudice.  To the extent that the Court rejects the Joint Stipulation of Settlement and Release and/or fails to enter a final order approving the Joint

16

Stipulation of Settlement and Release and dismissing with prejudice the Plaintiffs', FLSA Collective Members' and Rule 23 Class Representative's Released Wage Claims, and to the extent the Plaintiffs, FLSA Collective Members, Rule 23 Class Representative and Defendants used good faith efforts to renegotiate the Joint Stipulation of Settlement and Release and sought Court approval of the renegotiated settlement in accordance with the Court's directives to effectuate final settlement and dismissal of this Litigation in its entirety with prejudice, and no settlement or dismissal of the Released Wage Claims is approved by the Court, this Agreement shall be null and void, and Defendants shall not be obligated to make any of the payments specified in this Agreement or in the Joint Stipulation of Settlement and Release.  Further, under such circumstances, the Parties shall proceed with the Litigation as if this Agreement had not been reached, and this Agreement shall not be used by the Parties in any fashion.  (A copy of the Joint Stipulation of Settlement and Release is annexed hereto as **Exhibit C**.)

3.      SETTLEMENT TERMS

     a.      Settlement Amount.

Defendants agree to pay a maximum amount of One Hundred Sixty Seven Thousand Five Hundred Dollars and Zero Cents ($167,500.00), which shall fully resolve and satisfy any and all amounts to be paid to all Class Members for settling all Released Class Claims and any and all Court-approved Costs and Fees.  Defendants will not be required to pay more than One Hundred Sixty Seven Thousand Five Hundred Dollars and Zero Cents ($167,500.00) under the terms of this Agreement.

          1.  Funding the QSF.  By no later than five (5) business days after the Effective Date, Defendants shall deposit into the QSF the total gross sum of One Hundred Sixty Seven Thousand Five Hundred Dollars and Zero Cents ($167,500.00).  Any interest accrued from the QSF shall immediately be added to and become part of the Gross Settlement Amount.

     b.      Payments from the QSF.

The Settlement Claims Administrator shall make the following payments from the QSF, once the QSF is funded as described in Section 3(a)(1):

          (i)     Within five (5) business days of the QSF being funded as described in Section 3(a)(1), the Settlement Claims Administrator shall (1) mail all Settlement Checks to Class Members, (2) mail any and all Service Awards payable to "Ramon Santos" to Moser Employment Law Firm, P.C., (3) mail or wire-transfer payment to Class Counsel in the amount of Court-approved attorneys' fees and costs, and (4) make payments to the Settlement Claims Administrator in the amount of Court-approved Settlement Claims Administrator's costs and expenses.

          (ii)    Class Members will have forty-five (45) days from the date of mailing to endorse and cash their Settlement Checks (the "Acceptance Period").  Class Members will be informed of the Acceptance Period in the Notices and on the Settlement Checks.   Any amounts representing uncashed Settlement Checks,

Service Awards, or any other amount remaining in the QSF nine (9) months after the mailing of the final payment will revert back to Defendants. Such amount shall be mailed to Defendants' Counsel as attorneys for Defendants.

c. Settlement Amounts Payable as Attorneys' Fees and Costs and as Settlement Claims Administrator's Costs and Expenses.

At the Fairness Hearing and in the Final Approval Motion, Class Counsel will petition the Court for an award of attorneys' fees and for reimbursement of their actual litigation costs and expenses to be paid from the QSF (of no more than one-third (l/3) of the Gross Settlement Amount). Defendants will not oppose such application. After depositing the Gross Settlement Amount with the Settlement Claims Administrator for the QSF, Releasees shall have no additional liability for Class Counsel's attorneys' fees and costs.

The substance of Class Counsel's application for attorneys' fees and costs is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation. The outcome of any proceeding related to Class Counsel's application for attorneys' fees and costs shall not terminate this Agreement or otherwise affect the Court's ruling on the Final Approval Motion, except such amount approved by the Court may not exceed one-third (1/3) of the Gross Settlement Amount.

At the Fairness Hearing and in the Final Approval Motion, Class Counsel will petition the Court for an award of the Settlement Claims Administrator's costs and expenses to be paid from the QSF. The substance of Class Counsel's application for an award of the Settlement Claims Administrator's costs and expenses is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation.

d. Service Award to Rule 23 Class Representative.

In return for services rendered to the Class Members, at the Fairness Hearing and in the Final Approval Motion, Ramon Santos will apply for a $5,000 Service Award from the QSF. Defendants will not oppose such application. To obtain said Service Award after approval, Ramon Santos must sign a supplemental general and comprehensive release of claims to be provided prior to receiving the Service Award, in the form attached as **Exhibit D** (the "Supplemental Release").

The application for the Service Award is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation. The outcome of the Court's ruling on the application for the Service Award will not terminate this Agreement or otherwise affect the Court's ruling on the Fairness Hearing and Final Approval Motion or for Judgment of Dismissal.

e. Net Settlement Fund and Allocation to Rule 23 Class Members.

The allocation of the Settlement Checks to the Rule 23 Class Members will be made from the Net Settlement Fund. A Rule 23 Class Member's proportionate share of the Net Settlement

Fund will be determined by the Settlement Claims Administrator pursuant to the following formula:

Minimum Payment to Class Members Who Worked More Than Four (4) Weeks. Notwithstanding the formulas below, no Class Member who worked during any part of at least four (4) weeks will be awarded a payment that is less than $100.00. In the event that a Class Member's settlement share under the calculation set forth below is less than $100.00, his or her settlement share will be increased to $100.00 and subtracted from the Net Settlement Fund, and all other Class Members' settlement shares will be recalculated to offset this increase. This payment will not be subject to withholding and will be provided on an IRS Form 1099 to the extent required by law.

Payment to Class Members Who Worked Fewer Than Four (4) Weeks. A Class Member who worked during any part of fewer than four (4) weeks will be awarded a payment of $50.00. This payment will not be subject to withholding and will be provided on an IRS Form 1099 to the extent required by law. This will be the only payment made to a Class Member who worked during any part of fewer than four (4) weeks.

A Class Member's proportionate share of the Net Settlement Fund shall be determined by the Claims Administrator pursuant to the formula set forth below:

(1)     Each Class Member will receive one (1) point for every week (or part of a week) worked for the period between April 9, 2011 to May 9, 2017.
(2)     The Net Settlement Fund will be divided by the aggregate number of points accrued by all of the Class Members ("Point Value").
(3)     Each Class Member's total points will be multiplied by the Point Value to determine his or her Individual Settlement Amount.

The Parties agree and acknowledge that none of the Named Plaintiffs and FLSA Collective Members, except for the Rule 23 Class Representative, shall receive any monies from the QSF and Net Settlement Fund.

f.     Tax Characterization.

For tax purposes, payments to Rule 23 Class Members pursuant to Section 3(e) shall be treated as liquidated damages/statutory damages, penalties and/or interest. Such payments shall be made without withholding and shall be reported to the IRS and payee, to the extent required by law, under the payee's name and social security number (or tax identification number) on an IRS Form 1099. The Rule 23 Class Members shall furnish their social security numbers or tax identification numbers to the Settlement Claims Administrator for purposes of processing the IRS Form 1099s for the amounts paid to each of them respectively under this Agreement, to the extent such information is not available from the Class List, and to the extent the issuance of an IRS Form 1099 is required by law.

Payments of attorneys' fees and costs pursuant to Section 3(c) and payments of the Settlement Claims Administrator's fees and costs shall be made without withholding and

19

reported to the IRS and the payee under the payee's name and taxpayer identification number, which each such payee shall provide for this purpose, on an IRS Form 1099. Any service payment pursuant to Section 3(d) shall be made without withholding and reported to the IRS and the payee under the payee's name and social security number (or tax identification number) on an IRS Form 1099.

The employee portion of any and all applicable income and payroll taxes will be the sole responsibility of the individual Class Member receiving a Settlement Check or Service Award. The Class Members acknowledge and agree that they will be solely responsible for all taxes, interest and penalties due with respect to any payment received pursuant to this Agreement, other than the employer's portion of the payroll tax (if any). The Class Members agree to indemnify and hold Releasees harmless for any and all federal, state and local taxes, interest, charges and penalties that are due, may become due or are otherwise assessed against the Class Members and Releasees at any time with respect to any payments received by the Class Members pursuant to this Agreement, except for the employer share of the FICA tax and any federal and state unemployment tax due with respect to any amounts treated as wages (if any).

Neither Class Counsel nor Defendants' Counsel intend anything contained herein to constitute legal advice regarding the taxability of any amount paid hereunder, nor will it be relied upon as such.

4.      RELEASE.

        a.      Release of Claims.

By operation of the entry of the Final Approval Order, and except as to such rights or claims as may be created by this Agreement:

Upon the Effective Date, and except as to such rights or claims that may be created by this Agreement, each Rule 23 Class Member, on his or her behalf and on behalf of his or her respective, current, former and future representatives, heirs, spouses, executors, administrators, successors, assigns, fiduciaries, agents and attorneys, forever and fully releases and discharges the Releasees from any and all Released Class Claims, which each Rule 23 Class Member has or may have against the Releasees from the beginning of the world through the date of the Court's entry of the Preliminary Approval Order.

        b.      Release of Fees and Costs for Settled Matters.

Class Counsel on behalf of the Class Members, hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that they may have against Releasees for attorneys' fees and costs associated with Class Counsel's representation of the Class Members and Class Counsel's litigation of the class claims asserted in the Litigation.

        c.      Non-Admission of Liability.

Defendants have agreed to the terms of settlement herein without in any way

20

2631064_2: Class Action Settlement for Rule 23 Class.FINAL.8.1.17

acknowledging any fault or liability, and with the understanding that terms have been reached because this settlement will avoid the further expense and disruption of Defendants' business due to the pendency and expense of litigation, and put all claims in the Litigation finally to rest. Nothing in this Agreement shall be deemed or used as an admission of liability by Defendants, or as an admission that a class should be certified for any purpose other than settlement purposes. Defendants deny any liability or wrongdoing, and Defendants deny violating any law, statute, order, regulation, contract, and policy.

      d.     No Retaliation or Discrimination.

Defendants agree that they will not retaliate or discriminate against any Class Member because of their involvement in this case.

5.     INTERPRETATION AND ENFORCEMENT

      a.     Cooperation between the Parties; Further Acts.

The Parties shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Court's approval of this Agreement and all of its terms. Each party, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

      b.     No Assignment.

Class Counsel and the Class Representative, on behalf of themselves and the individual Class Members, represent and warrant that they and the Class Members have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action.

      c.     Entire Agreement.

This Agreement and the Joint Stipulation of Settlement and Release incorporated by reference herein, constitutes the entire agreement between the Parties with regard to the settlement of all Released Class Claims, and all prior and contemporaneous negotiations and understandings between the Parties regarding settlement of all Released Class Claims shall be deemed merged into this Agreement. The Parties further acknowledge and agree that the settlement of this Litigation is contingent upon the Court's approval of this Agreement and final approval of the Joint Stipulation of Settlement and Release and entry of an order in accordance with Sections 2.1, 2.2 and 2.3 of the Joint Stipulation of Settlement and Release.

      d.     Binding Effect.

This Agreement shall be binding upon the Parties and, with respect to the Class Representative and all Class Members, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns.

2631064_2: Class Action Settlement for Rule 23 Class.FINAL.8.1.17

    e.    Arms' Length Transaction; Materiality of Terms.

The Parties have negotiated all the terms and conditions of this Agreement at arms' length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

    f.    Captions.

The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

    g.    Construction.

The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship. The language used in this Agreement is language chosen by the Parties to express their mutual intent, and no rule of strict construction will be applied against any of them. Accordingly, the Parties expressly waive any common law or statutory rule of construction that ambiguities be construed against the drafter of this Agreement. The Parties also covenant and represent that the language in all parts of this Agreement shall be in all cases construed as a whole, according to its fair meaning.

    h.    Severability.

Except for the provisions of Sections 2(n), 3(d), 4 and 5 and the Supplemental Release annexed to this Agreement, if any provision of this Agreement is held by a court to be void, voidable, unlawful or unenforceable, the remaining portions of this Agreement will remain in full force and effect. If the Release of Claims by the Rule 23 Class Members contained in Section 4(a), the Release of Fees and Costs for Settled Matters by Class Counsel contained in Section 4(b), the Final Release of Claims in Section 2(n) and/or Supplemental Release referenced in Section 3(d) and annexed as **Exhibit D** to this Agreement are deemed to be unenforceable for any reason, the Parties agree to take all steps reasonably necessary to draft and execute valid releases acceptable to the Parties and the Court.

    i.    Governing Law.

This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

2631064_2: Class Action Settlement for Rule 23 Class.FINAL.8.1.17

     j.     Continuing Jurisdiction.

The United States District Court for the Eastern District of New York shall retain exclusive jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.

     k.     Waivers; Modifications; Amendments.

No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

     l.     Publicity.

Class Members, Class Counsel and Defendants' Counsel agree that they will respond to any press inquiries with the response that "the parties have resolved their differences to their mutual satisfaction" or words to that effect.

     m.     Facsimiles and PDFs; Counterparts.

Facsimile transmission or electronic copies of signatures on this Agreement shall be deemed to be original signatures and shall be acceptable to the Parties to this Agreement for all purposes and may be used in lieu of the originals for any purpose. In addition, transmission by electronic mail of a PDF document created from the originally signed document shall be acceptable to the Parties to this Agreement for all purposes. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same effect as if all Parties had signed the same instrument.

     n.     Signatures of the Rule 23 Class Representative and Class Counsel.

Any party may execute this Agreement by causing his, her or its counsel or representative to sign on the designated signature block below and transmitting that signature page via facsimile or email to counsel for the other party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be valid.

     o.     Rule 23 Class Representative's and Class Counsel's Comprehension.

By signing this Agreement, the Rule 23 Class Representative and Class Counsel represent that (a) they understand the Agreement and know that they are giving up important rights on behalf

2631064_2: Class Action Settlement for Rule 23 Class.FINAL.8.1.17

of themselves and the Class Members they represent; (b) they agree with everything in the Agreement; (c) they have had an opportunity to consult with an attorney before signing the Agreement; and (d) they have signed the Agreement knowingly and voluntarily.

IN WITNESS WHEREOF, the parties hereto have caused the Agreement to be executed.

Executed this 22 day of August , 2017 by _____
for New Food Corp. d/b/a Foodtown
Print Name: Jason Ferreira
Title: Vice President

Executed this 22 day of August , 2017 by _____
for JCA Food Corp. d/b/a Metfood
Print Name: Jason Ferreira
Title: Vice President

Executed this 22 day of August , 2017 by _____
for JJC Food Corp. d/b/a Foodtown
Print Name: Jason Ferreira
Title: Vice President

Executed this 22 day of August , 2017 by _____
for SWF Food Corp. d/b/a Foodtown
Print Name: Jason Ferreira
Title: Vice President

Executed this 22 day of August , 2017 by _____
for Mother Food Corp. d/b/a Foodtown
Print Name: Jason Ferreira
Title: Vice President

2631064_2: Class Action Settlement for Rule 23 Class.FINAL.8.1.17

Executed this 22 day of August, 2017 by _____
Jason Ferreira

Executed this 22 day of August, 2017 by _____
Jose Ferreira

2631064_2: Class Action Settlement for Rule 23 Class.FINAL.8.1.17

Executed this 7 day of AUGUST , 20 17 by _RamoisantoS._
                                        Ramon Santos, individually


STATE OF NEW YORK    )
                     )ss:
COUNTY OF  NASSAU    )

        On  AuGusT 7,              , 2017 before me personally came **Ramon Santos**, to me
known and known to me to be the individual described in, and who executed the foregoing
Negotiated Settlement Agreement and Release, and duly acknowledged to me that he executed
the same.

                                    Notary Public


Executed this 7 day of AUGUST , 20 17 by _Ramonsantos_
                                        Ramon Santos, as Rule 23 Class
                                        Representative


STATE OF NEW YORK    )
                     )ss:
COUNTY OF  NASSAU    )

        On  AUGUST    7      , 2017 before me personally came **Ramon Santos**, to me
known and known to me to be the individual described in, and who executed the foregoing
Negotiated Settlement Agreement and Release, and duly acknowledged to me that he executed
the same.

                                    Notary Public

Executed this __10__ day of __AUGUST__, 20_17_ by

Steven J. Moser, Esq.
Moser Employment Law Firm, P.C.
*As Class Counsel*

2631064_2: Class Action Settlement for Rule 23 Class.FINAL.8.1.17

## EXHIBIT A

*De Los Santos v. New Food Corp. d/b/a Foodtown, et al.*, EDNY Case No. 14 Civ. 04541
(AYS)
**FLSA Collective Members (except for Rule 23 Class Representative Ramon Santos)**

| Number | First Name | Last Name |
|---|---|---|
| 1 | Andres | De Los Santos |
| 2 | Jose Ramon | Lopez |
| 3 | Angel | Rodriguez |
| 4 | Domingo | Franco |
| 5 | Elvis | Arias |
| 6 | Johanny | Anil |
| 7 | George | Barrera |
| 8 | Rafaela | Batista |
| 9 | Christina | Bishun |
| 10 | Jennifer | Bonilla |
| 11 | Edwin | Bonilla Umanzor |
| 12 | Esteban | Bourdier |
| 13 | Angeles | Candido |
| 14 | Felix | Carrasco |
| 15 | Miguel | Carrillo |
| 16 | Denisse | Castadena |
| 17 | Lelia Germania | Castillo de Marchan |
| 18 | Angel | Chavarria Flores |
| 19 | Juan Antonio | Corvera Vazquez |
| 20 | Cynthia | Cruz |
| 21 | Gregory | Dawn |
| 22 | Jose | De La Rosa |
| 23 | Maria | Diaz |
| 24 | Cirilio | Estebez Franco |
| 25 | Patino-Nunez | Francisco |
| 26 | Ferminia | Franco |
| 27 | Benedito | Franco |
| 28 | Humberto Antonio | Franco |
| 29 | Ivellise | Franco |
| 30 | Jonathan | Franco |
| 31 | David | Franco |

| 32 | Felix Juan | Franco Batista |
|----|-----------|----------------|
| 33 | Daniel | Gomez |
| 34 | Mario Benito | Guaillazaca |
| 35 | Hugo | Guaillazaca |
| 36 | Eli | Hernandez |
| 37 | Juan | Jimenez |
| 38 | Edwin Ramiro | Lopez |
| 39 | Agusto Ruben | Lopez |
| 40 | Juan Pablo | Lopez Rodriguez |
| 41 | Angela | Marquez |
| 42 | Laura | McCann |
| 43 | Josefina | Mejia |
| 44 | Rene | Mejia |
| 45 | Leonardo | Nunez |
| 46 | Felix Patino | Nunez |
| 47 | Lahene | Ocasio |
| 48 | Julio | Orellana |
| 49 | Pablo | Orellana |
| 50 | Cassie | Pursoo |
| 51 | Yeury de Jesus | Ramirez Taveras |
| 52 | Wendy | Rivas Espinal |
| 53 | Genovi | Rodriguez |
| 54 | Feliberto | Rodriguez Cruz |
| 55 | Martin | Rosario |
| 56 | Faustino | Sales |
| 57 | Flor | Sanchez |
| 58 | Allouin | Sylla |
| 59 | Diosmery | Tejada |
| 60 | Luis Arsenio | Trejo |
| 61 | Arcadio | Vargas |
| 62 | Marino | Vargas |
| 63 | Felix | Vitino |
| 64 | Erin | Yamobino |
| 65 | Rohan | Youngsam |
| 66 | Jose Victor | Arevalo |

2631064_2: Class Action Settlement for Rule 23 Class.FINAL.8.1.17

**EXHIBIT B**

**(NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND FAIRNESS HEARING)**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDRES DE LOS SANTOS, DOMINGO FRANCO, ANGEL RODRIGUEZ, RAMON SANTOS, and JOSE RAMON LOPEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>NEW FOOD CORP. d/b/a FOODTOWN, JCA FOOD CORP. d/b/a METFOOD, JJC FOOD CORP. d/b/a FOODTOWN, SWF FOOD CORP. d/b/a FOODTOWN, MOTHER FOOD CORP. d/b/a FOODTOWN, JASON FERREIRA and JOSE FERREIRA,<br><br>Defendants. | Case No. 14 Civ. 04541 (AYS)<br><br>**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND FAIRNESS HEARING** |

TO:     All employees of <u>Metfood</u> or <u>Foodtown</u> who worked at any of the following locations between April 9, 2011 and May 9, 2017:

173-09 Jamaica Ave., Jamaica, NY
84-05 Parsons Blvd., Jamaica, NY
76-10 37th Ave, Jackson Heights, NY
3367 Hillside Ave., New Hyde Park, NY
520 S. Broadway, Hicksville, NY

## PLEASE READ THIS NOTICE CAREFULLY

**This Notice relates to a proposed settlement of a class action lawsuit. It has been authorized by a federal court. It contains important information as to your right to participate in the settlement or elect not to be included in the class.**

### Introduction

Former employees of Metfood/Foodtown (New Food Corp., JCA Food Corp., JJC Food Corp., SWF Food Corp., and Mother Food Corp.) filed a lawsuit, on behalf of themselves and all other similarly situated individuals, alleging that they did not receive: (1) proper payment of wages from their employer, as required by the Fair Labor Standards Act and New York State Labor Law ("Wage and Hour Claims"); (2) a form from their employer called a "Wage Notice", as required by New York Labor Law §195(1); and (3) wage statements from their employer, as required by New York Labor Law §195(3). The lawsuit is known as *De Los Santos, et al. v. New Food Corp., et al.* 14-cv-04541 (AYS) pending in the United States District Court for the

Eastern District of New York. The individuals who filed the lawsuit are called the Plaintiffs. In this case, the Metfood/Foodtown supermarkets are called the Defendants. The Defendants deny any wrongdoing and maintain that their employees were properly compensated and were provided the required Wage Notice and wage statements. The Court has not decided who is right and who is wrong.

To avoid the burden, expense, inconvenience, and uncertainty of continued litigation, the parties have concluded that it is in their best interests to resolve and settle the lawsuit. As part of the proposed settlement, Plaintiffs and other individuals who joined the lawsuit have agreed to settle their Wage and Hour Claims against Defendants under an agreement called a "Joint Stipulation of Settlement and Release", which is subject to the approval of the Court. A copy of the Joint Stipulation of Settlement and Release can be provided to you upon request.

Additionally, as part of the proposed settlement, Plaintiffs and Defendants have also agreed to settle the Wage Notice Claims under New York Labor Law §195(1) and wage statement claims under New York Labor Law §195(3) on a class-wide basis, subject to the approval of the Court. Defendants have agreed to pay a maximum of $167,500.00 to settle these claims. This payment includes all payments to class members, attorneys' fees, costs, a service award to the class representative (Ramon Santos) and administration costs.

The proposed settlement of the lawsuit is contingent upon the Court's approval of both the settlement of the Wage and Hour Claims of the Plaintiffs and other individuals who joined the lawsuit, and the settlement of the Wage Notice Claims under New York Labor Law §195(1) and wage statement claims under New York Labor Law §195(3) on a class-wide basis.

Your legal rights may be affected by the settlement of the Wage Notice Claims under New York Labor Law §195(1) and wage statement claims under New York Labor Law §195(3). These rights and options are summarized below and fully explained in this Notice.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

**PARTICIPATE** If you do nothing, you will remain part of the case, receive the estimated payment below and be bound by the terms of the settlement of the Wage Notice Claims under New York Labor Law §195(1) and wage statement claims under New York Labor Law §195(3).

**EXCLUDE YOURSELF** If you wish to exclude yourself ("opt-out") from the lawsuit you must follow the directions outlined in response to question 6 below. If you exclude yourself, you will receive no payment and you cannot object to the settlement.

**OBJECT** Write to the Court about why you believe the settlement is unfair or unreasonable. If you object in writing you may appear at the Fairness Hearing to speak to the Court about the fairness of the settlement. If the Court rejects your objection, you will still be bound by the terms of the settlement for claims under New York Labor Law §195(1) and New York Labor Law §195(3).

### 1. Why did I receive this notice?

You received this Notice because Defendants' records show that you worked as an employee at one of the Defendants' supermarkets at some time between April 9, 2011 and May 9, 2017. The Court ordered that you be sent this Notice because you have a right to know about a proposed settlement and all your options before the Court decides whether to approve the settlement.

### 2. What is a class action?

A class action is a lawsuit where one or more persons (Class Representatives) sue not only for themselves, but also for other people who have similar claims. These other people are known as Class Members. In a class action, one court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

### 3.     Payment to Class

The parties have agreed to settle the Wage Notice claims under New York Labor Law §195(1) and wage statement claims under New York Labor Law §195(3) for the maximum sum of $167,500.00 (including attorneys' fees, costs, administration costs, and a service award to Ramon Santos, who is the Class Representative and one of the Plaintiffs). If you remain in the Class, you will receive a share of the remaining Settlement Fund. The portion you collect will be based on the number of weeks you worked.

The parties have agreed to a $50.00 minimum payment; consequently, all Class Members, even those who worked one day, are guaranteed *at minimum* a payment of $50.00.

The Settlement Fund will be distributed proportionally to each and every Class Member who does not opt-out of the settlement class according to the "points" system described below:

- One (1) point for every week (or portion of a week) worked for the period from April 9, 2011 and May 9, 2017.

The Settlement Fund will then be divided by the total points accrued by all Class Members ("Point Value") and each Class Member's individual points will be multiplied by the Point Value to determine your estimated Individual Settlement Amount.

After the Court enters final approval of the settlement and the Settlement has become effective, you will be mailed a settlement check. Class Counsel, Defendants, and Defendants' Counsel make no representations concerning tax consequences of this settlement and you are advised to seek your own personal tax advice prior to acting in response to this notice. You will have forty-five (45) calendar days after the mailing of each settlement check to cash your settlement check,

after which point the check will be voided and a stop-payment will be placed.

| 4. | Procedures |
|---|---|

You are automatically a member of the Class if you were employed by one of the Defendants' supermarkets as an employee between April 9, 2011 and May 9, 2017.

To receive a distribution from the Settlement Fund, you do not need to do anything to receive the payment identified above. You will receive a payment unless you exclude yourself by opting out of the settlement class. You will receive your payment after a Fairness Hearing is held by the Court, and the settlement is approved by the Court.

If the Court grants final approval of the settlement, the Wage Notice Claims under New York Labor Law §195(1) and wage statement claims under New York Labor Law §195(3) will be dismissed with prejudice and Class Members who do not opt out will fully release and discharge Defendants for any Wage Notice violations and wage statement violations occurring up to and including [the date of the Preliminary Approval Order]. This means that you cannot sue, continue to sue, or be part of any other lawsuit against Defendants to recover for Wage Notice violations and Wage Statement violations occurring on and before [the date of the Preliminary Approval Order].

The Release in the Settlement Agreement includes all claims against Defendants for any failure to furnish Wage Notices and wage statements to employees as required by New York Labor Law §195(1) and New York Labor Law §195(3), respectively.

| 5. | How Do I Exclude Myself From The Settlement? |
|---|---|

To exclude yourself from the settlement, you must send a letter by mail and must include the words, "I opt out of the Foodtown/Metfood class action settlement." You must include your name, job title, address, telephone number, and signature. To be effective, the letter must be mailed to the Settlement Claims Administrator via First Class United States Mail, postage prepaid, and postmarked within 30 days from the date of this Notice, and no later than 60 days from [the date of the Preliminary Approval Order] and must be mailed to:

Settlement Services, Inc.
2032D Thomasville Road
Tallahassee, FL 32308
RE: *De Los Santos v. New Food Corp.*

An Opt-out Statement will not be valid or considered by the Court if it does not specifically comply with all of these requirements listed herein. If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may also be able to sue (or continue to sue) Defendants in the future about some of the legal issues in this case.

**6. If I don't exclude myself from the settlement, can I sue Defendants for the same thing later?**

No. Unless you exclude yourself, you give up any rights to sue Defendants for claims under New York Labor Law §195(1) and New York Labor Law §195(3) that were brought in this case or that could have been brought in this case. Remember, the exclusion deadline is 30 days from the date of this Notice.

**7. If I exclude myself, can I get money from this settlement?**

No. If you exclude yourself, you will not receive any money from this lawsuit. But, you may be part of a different lawsuit against Defendants regarding these same claims.

**8. Do I have a lawyer in this case?**

The law firm that has been designated as legal counsel to represent you and the other Class Members is:

Steven J. Moser
MOSER EMPLOYMENT LAW FIRM, P.C.
3 School Street, Suite 207B
Glen Cove, New York, 11542
(516) 671-1150
(516) 882-5420
pdominguez@moseremploymentlaw.com
http://www.moseremploymentlaw.com

These lawyers are called Class Counsel. You will not be charged separately for these lawyers. Their fees are being paid from the Settlement Fund. Mr. Moser and his staff speak Spanish.

**9. How will the lawyers be paid?**

Class Counsel will ask the Court to approve payment of up to $55,833.33 or 33.3% of the Settlement Fund established by Defendants, for attorneys' fees plus litigation expenses and costs to be paid from the Settlement Fund. Class Counsel will also ask the Court to approve payment of $5,000 to the Class Representative as a service reward in recognition of the risks he took and his service to the Class. Defendants have agreed not to contest the attorneys' fees and the service award.

**10. How do I tell the Court that I don't like the settlement?**

You can object to the settlement if you disagree with any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. If the Court rejects your objection, you will still be bound by the terms of the settlement of your claims

2631064_2: Class Action Settlement for Rule 23 Class.FINAL.8.1.17

unless you have submitted a valid and timely request for exclusion. To object, you must send a written statement including (i) the words, "I object to the Foodtown/Metfood class action settlement"; (ii) all reasons for the objection (any reasons not included in the statement will not be considered); and, (iii) your name, job title, address, and telephone numbers. An objection will not be valid or considered by the Court if it does not specifically comply with all of these requirements listed herein.

If you wish to present your objection at the Fairness Hearing described below, you must state your intention to do so in your written objection. Your statement should be as detailed as possible otherwise the Court may not allow you to present reasons for your objection at the Fairness Hearing that you did not describe in your written objection. Mail the objection to the Settlement Claims Administrator via First-Class United States Mail, postage prepaid at the address below. Your objection will not be heard unless it is mailed to the Claim Administrator, via First Class United States Mail, postage prepaid, and received by the Settlement Claims Administrator by a date certain 30 days from the mailing of this Notice and no later than 60 days from [the date of the Preliminary Approval Order].

Settlement Services, Inc.
2032D Thomasville Road
Tallahassee, FL 32308
RE: *De Los Santos v. New Food Corp.*

The Claims Administrator will share your objection with Class Counsel and Defendants' Counsel and file your objection statement with the Court.

You may not object to the settlement if you submit a letter requesting to exclude yourself or "opt-out" of the settlement of the lawsuit.

---

**11. What's the difference between objecting and excluding?**

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself from the settlement ("opting-out") is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

The Court will hold a Fairness Hearing to decide whether to approve the settlement. Class Counsel will answer questions the Judge may have. You do not have to come to the hearing, but you are welcome to do so at your own expense.

If you send an objection, it is not necessary for you to come to Court to talk about it, but you may do so at your own expense or pay your own lawyer to attend. As long as you mailed your written objection on time, the Court will consider it. If you do attend the hearing, it is possible that you will not be permitted to speak unless you timely object in writing as described above and notify the Court of your intention to appear at the Fairness Hearing.

## 12. When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing at the United States District Court for the Eastern District of New York, 100 Federal Plaza, Central Islip, New York  11722, Courtroom_____, on _____.

At this hearing the Court will consider whether the terms of the settlement are fair, reasonable, and adequate.  If there are objections, the Court will consider them.   The Judge will listen to people who have asked to speak at the hearing.  The Court may also decide how much to pay to Class Counsel.  After the hearing, the Court will decide whether to approve the settlement.  We do not know how long these decisions will take.

## 13. Are there more details about the settlement?

This notice summarizes the proposed settlement.  More details are in the Settlement Agreement (and all exhibits thereto, which includes the Joint Stipulation of Settlement and Release).  You can request a copy of the Settlement Agreement (and all exhibits thereto) for your review by contacting:

Paola Dominguez
MOSER EMPLOYMENT LAW FIRM, P.C.
3 School Street, Suite 207B
Glen Cove, New York, 11542
(516) 671-1150
Fax (516) 882-5420
pdominguez@moseremploymentlaw.com
www.moseremploymentlaw.com

2631064_2: Class Action Settlement for Rule 23 Class.FINAL.8.1.17

**EXHIBIT C**

**(JOINT STIPULATION OF SETTLEMENT AND RELEASE)**

## EXHIBIT D

## GENERAL AND COMPREHENSIVE RELEASE OF CLAIMS

This General and Comprehensive Release of Claims (the "Release") is made by and between Ramon Santos ("Plaintiff"), on the one hand, and New Food Corp. d/b/a Foodtown, JCA Food Corp. d/b/a Metfood, JJC Food Corp. d/b/a Foodtown, SWF Food Corp. d/b/a Foodtown, Mother Food Corp. d/b/a Foodtown, Jason Ferreira and Jose Ferreira ("Defendants"), on the other hand (collectively the "Parties").

WHEREAS, Plaintiff is a named plaintiff in the action styled *De Los Santos, et al. v. New Food Corp., et al.*, Case No. 14 Civ. 04541 (the "Litigation");

WHEREAS, the parties to the Litigation have signed a Joint Stipulation of Settlement and Release and a Negotiated Settlement Agreement and Release (hereinafter collectively referred to as "Stipulation") for the purpose of settling the Litigation on a collective and class-wide basis; and

WHEREAS, Paragraph 3(c) of the Negotiated Settlement Agreement and Release provides that Defendants shall pay Plaintiff an amount approved by the court not to exceed Five Thousand Dollars and Zero Cents ($5,000.00) (the "Service Award") contingent upon Plaintiff executing and not revoking a supplemental full and general release of claims against Defendants;

NOW, THEREFORE, after having had an opportunity to consult with counsel, and in consideration of receiving some or all of the Service Award, Plaintiff hereby agrees:

1.      **General Release of Claims:** In consideration for the payment of Five Thousand Dollars ($5,000), Plaintiff agrees to waive and release any and all claims, obligations, demands, actions, rights, causes of action and liabilities against Defendants, their heirs, administrators, representatives, executors, estates, predecessors, successors, assigns, divisions, affiliates, subsidiaries, parents, business entities and companies under common ownership or control, related business entities and companies, business units, committees, groups, and their current and former owners, principals, shareholders, partners, members, officers, directors, trustees, investors, managers, employees, attorneys, accountants, insurers, fiduciaries, representatives, agents, predecessors, successors, and assigns, in their individual, representative, and business capacities, and all of the individuals or entities that hold an interest in New Food Corp., JCA Food Corp., JJC Food Corp., SWF Food Corp., and Mother Food Corp., and their current and former owners, principals, shareholders, partners, members, officers, directors, trustees, investors, managers, employees, attorneys, accountants, insurers, fiduciaries, representatives, agents, predecessors, successors, and assigns, in their individual, representative, and business capacities (the "Releasees"), of whatever kind and nature, character, and description, whether in law or equity, whether sounding in tort, contract, federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law, whether known or unknown, and whether anticipated or unanticipated, including unknown claims, up to the date this Release is signed or the date on which the Court enters the Order Granting Final Approval in the Litigation, whichever is later, for any type of relief, including, without limitation, claims for

1

overtime compensation, minimum wages, wages of any kind, damages, back pay, front pay, unpaid costs, meal and rest, penalties (including late payment penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief. Such waiver and release includes, to the fullest extent permissible under applicable federal, state, and local laws and regulations, but is not limited to, claims arising from or dependent on all collective bargaining agreements whether effective or expired, all New York State and New York City laws, including, without limitation, the New York Human Rights Law, as amended; the New York City Charter and Administrative Code, as amended; the New York Executive Law Section 290, et seq., as amended; the New York State Labor Relations Act, as amended; the New York Labor Law, as amended; the New York Labor Law §§ 190-198, as amended; the New York Equal Rights Law, as amended; the New York State Civil Service Law § 75; the New York Wage Hour and Wage Payment Laws, as amended; the New York Minimum Wage Act, as amended; all New York State Minimum Wage Orders; the New York Equal Pay Law, as amended; the New York Worker Adjustment and Retraining Notification Act; the New York State Constitution; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.; the Civil Rights Acts of 1991, as amended; the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq.; the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq.; the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.; the Veterans Reemployment Rights Act; the Family and Medical Leave Act; 28 U.S.C. § 1981; the Occupational Safety and Health Act; the Age Discrimination in Employment Act; the Older Workers Benefit Protection Act; the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 et seq.; the National Labor Relations Act, as amended; the Labor-Management Relations Act, as amended; and all of their implementing regulations.

Plaintiff also agrees expressly to waive his rights under any other statute or regulation that provides that a general release does not extend to claims that Plaintiff does not know or suspects to exist in his favor at the time of executing this Agreement, which if known to Plaintiff must have materially affect his settlement with Defendants.

2.     **Release of Unknown Claims:** In waiving and releasing any and all claims set forth in this Release, whether or not now known to Plaintiff, Plaintiff understands that this means that, if Plaintiff later discovers facts different from or in addition to those facts currently known or believed to be true by Plaintiff, the waivers and releases of this Release will remain effective in all respects -- despite such different or additional facts and even if Plaintiff would not have agreed to this Release if Plaintiff had prior knowledge of such facts. Plaintiff expressly, knowingly, and intentionally waives the benefits and rights of any statute, rule, doctrine, or common law principle of any jurisdiction whatsoever that provides that a general release does not extend to unknown claims.

3.     **Exceptions for Claims Not Being Waived or Released:** The only claims that are not being waived and released by Plaintiff under this Release are claims that cannot be waived or released as a matter of law. Additionally, nothing in this Release prohibits or restricts Plaintiff, Defendants or the Releasees from making any disclosure of information required by law or providing information to, or testifying or otherwise assisting in any investigation or proceeding brought by any federal regulatory or law enforcement agency.

2

4.      **Agreement to Arbitrate:**    The Parties agree that any disputes between them concerning the enforceability or alleged breach of Paragraphs 1 and 2, of the Release, or any other disputes between them other than those claims set forth in the Litigation or pertaining to the enforcement or application of the Stipulation, shall be determined through final and binding arbitration. Plaintiff agrees that that binding arbitration will be submitted to and settled by arbitration before a single arbitrator in a forum of the National Arbitration and Mediation ("NAM") located in New York County in the State of New York and conducted in accordance with NAM's Employment Rules and Procedures for employment disputes. The Parties understand and agree that any demand for arbitration by either party shall be filed within the statute of limitation that is applicable to the claim upon which arbitration is sought or required. The prevailing party in any arbitration proceeding instituted pursuant to this Release shall be entitled to recover from the other party its reasonable attorneys' fees and other expenses incurred in such proceeding.

This agreement to arbitrate does not cover any dispute or claim that has been expressly excluded from arbitration by statute, regulation or state or local law that is not preempted by the Federal Arbitration Act. Also, this agreement does not cover claims for temporary or preliminary injunctive relief (including a temporary restraining order) in aid of arbitration or to maintain the status quo pending arbitration, in a court of competent jurisdiction in accordance with applicable law. Nothing in this agreement to arbitrate should be interpreted as restricting or prohibiting Plaintiff from filing a charge or complaint with the U.S. Equal Employment Opportunity Commission, the National Labor Relations Board, the Department of Labor, the Occupational Safety and Health Commission, any other federal , state, or local administrative agency charged with investigating and/or prosecuting complaints under any applicable federal, state or municipal law or regulation (except that the parties acknowledge that Plaintiff may not recover and Plaintiff expressly waives any monetary benefits and recovery in connection with any such claim, charge or proceeding). A federal, state, or local agency would also be entitled to investigate the charge in accordance with applicable law. However, any dispute or claim that is covered by this agreement to arbitrate but not resolved through the federal, state, or local agency proceedings must be submitted to arbitration in accordance with this Release.

To the extent permitted by law, all covered claims under this agreement to arbitrate must be brought in the Parties' individual capacity, and not as a plaintiff or class member in any purported class, collective or representative proceeding. No claims may be brought or maintained on a class, collective or representative basis either in court or in arbitration. All such claims will be decided on an individual basis in arbitration pursuant to this agreement to arbitrate. The Parties expressly waive any right with respect to any covered claims to submit, initiate, or participate in a representative capacity or as a plaintiff, claimant or member in a class action, collective action, or other representative or joint action, regardless of whether the action is filed in arbitration or in court. Either Party may bring an action in any court of competent jurisdiction to compel arbitration or to enforce or vacate an arbitration award under this agreement to arbitrate.

Notwithstanding anything contained in this agreement to the contrary, any issue concerning the validity of this class, collective or representative action waiver must be

3
2631064_2: Class Action Settlement for Rule 23 Class.FINAL.8.1.17

decided by a court and an arbitrator shall not have authority to consider the issue of the validity of this waiver. If for any reason this class, collective or representative action waiver is found to be unenforceable, the class, collective or representative action claim may only be heard in court and may not be arbitrated.

5.     **Counterparts:** This Release may be executed by one or more facsimile or scanned signatures in separate counterparts, each of which will be deemed an original but all of which together will constitute the same instrument.

6.     **Damages for Breach:** Plaintiff recognizes and agrees that the representations, promises, and covenants set forth in Paragraphs 1, 2 and 4 of the Release constitute a material and significant part of the consideration received by the Releasees in exchange for their obligations under this Release, and that any violation of Paragraphs 1, 2 or 4 will constitute a material violation of this Release. In the event of any violation of Paragraphs 1, 2 or 4, Plaintiff recognizes and agrees that Releasees will be entitled to seek any and all appropriate relief, including seeking recovery of monies paid under the Stipulation, enforcing rights under this Release, and pursuing any other rights and remedies available under law, including equitable relief, injunctive relief and damages. In the event that Plaintiff or his attorneys violate the terms of this Release, including, but not limited to, Paragraphs 1, 2 or 4, an arbitrator may award the prevailing party their reasonable attorneys' fees, expenses and costs, and the provisions of this Release that were not breached remain binding and in effect.

7.     **Severability:** The invalidity or unenforceability of any provision of this Release shall not affect or impair any other provisions, which shall remain in full force and effect.

8.     **Choice of Law:** This Release shall be deemed to have been made and entered into in the State of New York and shall in all respects be governed by the substantive laws of the State of New York, without giving effect to the conflict of laws provisions thereof.

9.     **Drafting:** This Release shall not be construed more strictly against one party than another merely by virtue of the fact that this Release, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that this Release is the result of arm's-length negotiations between the Parties and the Parties have contributed substantially and materially to the preparation of this Release. Additionally, the headings contained in this Release are for reference purposes only and shall not in any way affect the meaning or interpretation of this Release.

10.     **Successors and Assigns:** It is expressly understood and agreed by the Parties that this Release and all of its terms shall be binding upon each Parties' representatives, heirs, executors, administrators, successors, and assigns.

11.     **Plaintiff's Acknowledgements:** Plaintiff further understands and agrees that he:
   a.     Has carefully read and understands the terms and conditions of this Release;
   b.     Has been advised by Defendants to consult with an attorney before signing this Release, has had an ample opportunity to consult with legal counsel of

4

her own choice before executing this Release, and understands that Defendants shall not be responsible for any attorneys' fees incurred by Plaintiff, except as set forth in the Negotiated Settlement Agreement and Release;

c.  Has willingly executed this Release knowingly and voluntarily without any duress, coercion, or undue influence by Defendants, their representatives or other persons; and

d.  Is, by reason of this Release and the release of claims herein, receiving from Defendants good and sufficient consideration in addition to anything of value to which he is already entitled.

12.  **Opportunity to Consider and Revocation:** Plaintiff acknowledges and agrees that he has been provided with an opportunity to consult with an attorney or other advisor of his own choice regarding the terms of this Release and that he has consulted with the Moser Employment Law Firm, P.C. prior to signing this Release. Plaintiff further acknowledges and agrees that he has been given a period of at least twenty-one (21) days within which to consider this Release, but represents and warrants that, should he choose to execute and return this Release before that time, he has done so after conferring with his counsel, with full knowledge that he is entitled to twenty-one (21) days to review same, and that he has voluntarily chosen to execute and return it before the expiration of twenty-one (21) days because and only because he perceives it to be to his benefit to do so. Plaintiff also acknowledges that he shall have a period of seven (7) days following his execution and the proper notarization of this Release within which he may revoke his release of claims pursuant to the Age Discrimination in Employment Act contained in this Release and that this Release shall not become effective or enforceable until the aforesaid revocation period has expired. Said revocation must be in writing, via certified mail, return receipt requested, and addressed to Defendants' legal counsel as follows: Gregory S. Lisi, Esq., Forchelli, Curto, Deegan, Schwartz, Mineo & Terrana, LLP, The Omni, 333 Earle Ovington Boulevard, Suite 1010, Uniondale, NY 11553. The Parties agree that should Plaintiff revoke his release of claims pursuant to the Age Discrimination in Employment Act contained in the Agreement, that this Release shall then become voidable at the option of only Defendants, and that Defendants may choose to so void this Release in its entirety or fail to so choose, in which this Release shall be in full force and effect, other than the release pursuant to the Age Discrimination in Employment Act.

IN WITNESS WHEREOF, the undersigned parties have executed this General and Comprehensive Release of Claims on the date(s) specified below.

_____          _____
RAMON SANTOS                                          Date

2631064_2: Class Action Settlement for Rule 23 Class.FINAL.8.1.17

STATE OF NEW YORK )
                            )ss:
COUNTY OF           )

      On _____, 2017 before me personally came **Ramon Santos**, to me known and known to me to be the individual described in, and who executed the foregoing General and Comprehensive Release of Claims, and duly acknowledged to me that he executed the same.

                                  _____
                                    Notary Public

For New Food Corp. d/b/a Foodtown
By: _____
Print Name: Jason Ferreira
Title: Vice President
Date: _____


For JCA Food Corp. d/b/a Metfood
By: _____
Print Name: Jason Ferreira
Title: Vice President
Date: _____


For JJC Food Corp. d/b/a Foodtown
By: _____
Print Name: Jason Ferreira
Title: Vice President
Date: _____


For SWF Food Corp. d/b/a Foodtown
By: _____
Print Name: Jason Ferreira
Title: Vice President
Date: _____


For Mother Food Corp. d/b/a Foodtown
By: _____
Print Name: Jason Ferreira
Title: Vice President
Date: _____

2631064_2: Class Action Settlement for Rule 23 Class.FINAL.8.1.17

JASON FERREIRA
Date:_____


JOSE FERREIRA
Date:_____

2631064_2: Class Action Settlement for Rule 23 Class.FINAL.8.1.17