**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Andres de los Santos, Domingo Franco, Angel Rodriguez, Ramon Santos, and Jose Ramon Lopez, individually and on behalf of all others similarly situated, | Case No. 14-cv-4541(AYS) |
| Plaintiffs, | |
| -against- | |
| New Food Corp. d/b/a Foodtown, JCA Food Corp. d/b/a Metfood, JJC Food Corp. d/b/a Foodtown, SWF Food Corp. d/b/a Foodtown, Mother Food Corp. d/b/a Foodtown, Jason Ferreira, and Jose Ferreira, | |
| Defendants. | |

The above-entitled matter came before the Court on Plaintiffs' Motion for Final Approval of the Class Action Settlement ("Motion for Final Approval").

## [PROPOSED] FINAL JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

On July 29, 2014, the Plaintiffs Andres de los Santos, Domingo Franco, Angel Rodriguez, Ramon Santos, and Jose Ramon Lopez, commenced this action on behalf of themselves and all similarly situated workers employed by New Food Corp. d/b/a Foodtown, JCA Food Corp. d/b/a Metfood, JJC Food Corp. d/b/a Foodtown, SWF Food Corp. d/b/a Foodtown, Mother Food Corp. d/b/a Foodtown, Jason Ferreira, and Jose Ferreira ("Defendants") for the six-year period preceding the filing of the complaint.

The Parties resolved this case at a Settlement Conference on June 6, 2016. The terms of the settlement were clarified in the Court's Minute Order of January 24, 2017 (ECF No. 186). The

settlement calls for the payment of $1,400,000.00 to resolve the claims of the opt-in plaintiffs, and $167,500.00 to resolve the claims of a putative class.

On May 9, 2017, the Plaintiffs filed a joint motion for approval of the terms of the Joint Stipulation of Settlement and Release ("FLSA Settlement Agreement"). ECF No. 194. By docket order dated May 10, 2017, the Court approved the terms of the FLSA Settlement Agreement, finding that agreement was fair and reasonable and consistent with the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

On November 6, 2017, the Plaintiffs submitted a motion for preliminary approval of the terms of the Negotiated Settlement Agreement and Release ("Class Action Settlement Agreement"), conditional certification of the settlement class, appointment of Plaintiffs' Counsel as class counsel, approval of the proposed notice of settlement and class action settlement procedure and final approval of the FLSA settlement.  See ECF Nos. 209-211.  As part of this motion, Plaintiffs submitted an Addendum to the FLSA Settlement Agreement and Class Action Settlement Agreement along with an Amended Exhibit A (collectively, hereinafter the "Addendum") to clarify and verify the identities of the FLSA Collective Members in the lawsuit, Plaintiffs requested that the Court approve the incorporation of the terms of said Addendum into the FLSA Settlement Agreement and Class Action Settlement Agreement and approve both agreements.  See Moser Decl. dated Sept. 1, 2017 ("Moser Decl. I") at Ex. 3, ECF No. 211-3.

On November 8, 2017, the Court issued an order which *inter alia* (1) incorporated the terms of the Addendum into the FLSA Settlement Agreement and Class Action Settlement Agreement; (2) preliminarily approved the terms of the Class Action Settlement Agreement, (3) conditionally certified a class under Fed. R. Civ. P. 23(e), (4) appointed Moser Law Firm, P.C. as class counsel, (5) approved distribution of the class notice, (6) adopted the class action settlement procedure, (7)

approved the FLSA Settlement Agreement as fair and reasonable and consistent with the Second

Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015); and

(8) set a Fairness Hearing with regard to the Class Action Settlement for February 28, 2018. See

ECF No. 212.

On February 21, 2018, Plaintiffs filed a Motion for Final Approval of the Class Action

Settlement and approval of an Amended FLSA Distribution worksheet. Defendants take no

position with respect to Plaintiffs' Motion for Final Approval and the Amended FLSA Distribution

worksheet.

The Court held a Fairness Hearing on February 28, 2018. No Class Member objected to

the settlement. A single class member opted-out of the Rule 23 class.

Having considered the Motion for Final Approval, the supporting Declaration of Steven J.

Moser dated February 21, 2018, the oral argument presented at the Fairness Hearing on February

28, 2018, and the proceedings had and papers submitted to date, IT IS HEREBY ORDERED,

ADJUDGED AND DECREED:

### Certification of the Settlement Class

1.      The Court finds that all the requirements of Rule 23(a) and Rule 23(b)(3) of the

Federal Rules of Civil Procedure are satisfied for settlement purposes.

2.      The Court finally certifies the following class under Fed. R. Civ. P. 23(e), for

settlement purposes only ("Settlement Class"):

> The Rule 23 Class Representative [Ramon Santos] and all individuals
> (other than Andres De Los Santos, Domingo Franco, Angel Rodriguez,
> and Jose Ramon Lopez, and the FLSA Collective Members) who: (a)
> provided services as employees for Defendants between April 9, 2011
> to May 9, 2017, and (b) do not timely and properly opt out of the
> settlement of the NYLL claims for Defendants' alleged failure to
> provide wage notices pursuant to NYLL § 195(1) and Defendants'
> alleged failure to provide wage statements pursuant to NYLL § 195(3).

### Approval of the Class Action Settlement Agreement

3.      The Court grants final approval of the Class Action Settlement Agreement.  The Court hereby grants Plaintiff's Motion for Final Approval and approves the settlement as set forth in the Class Action Settlement Agreement.   The Court finds the Class Action Settlement Agreement is final, fair, reasonable, adequate, and binding on all Class Members who have not timely and properly opted out of the settlement, the Class Representative, and Class Counsel.

### Service Awards to the Class Representative

4.      The Court finds that a service award of $5,000 to the class representative Ramon Santos is reasonable due to the significant contribution he made to advance the prosecution and resolution of the lawsuit.  This award shall be paid from the Qualified Settlement Fund (QSF).

### The Settlement Claims Administrator's Fees

5.      The Court confirms Settlement Services, Inc. as the Settlement Claims Administrator. The Court approves administration costs and fees in the amount of $12,700.00 as fair and reasonable.   The Settlement Claims Administrator's costs and fees shall be paid out of the QSF.

### Awards of Fees and Costs to Class Counsel

6.      The Court approves attorneys' fees related to the prosecution of the Class Action in the amount of $55,833.33, which is one-third of the class action settlement amount.  The Court finds that these fees are fair and reasonable.

7.      The attorneys' fees shall be paid from the QSF.

### Class Action Settlement Procedure

8.      The "Effective Date" (as such term is defined under the Class Action Settlement Agreement) shall be the later of (i) if there is no appeal of this Final Approval Order, the date thirty

(30) days after entry of this Order, or (ii) if there is an appeal of this Final Approval Order, thirty (30) days after all appeals are resolved in favor of approval of the Class Action Settlement Agreement.

9.    No later than two (2) business days after entry of this Order, the Class Representative and Class Counsel shall provide to Defendants' Counsel the General and Comprehensive Release of Claims (Exhibit D to the Class Action Settlement Agreement) containing the Class Representative's original signature.

10.    No later than five (5) business days after the Effective Date and subject to the satisfaction of all terms and conditions set forth in the Class Action Settlement Agreement (including, but not limited to, the terms and conditions set forth in Sections 2(p) and 2(q) of the Class Action Settlement Agreement), Defendants shall deposit into the QSF the total gross sum of One Hundred Sixty-Seven Thousand Five Hundred Dollars and Zero Cents ($167,500.00).

11.    Within five (5) business days of the QSF being funded as described in Section 3(a)(l) of the Class Action Settlement Agreement, the Settlement Claims Administrator shall (1) mail all Settlement Checks to Class Members, (2) mail any and all Service Awards payable to "Ramon Santos" to Moser Law Firm, P.C., (3) mail or wire-transfer payment of approved attorneys' fees to Class Counsel and (4) make payments to the Settlement Claims Administrator in the amount of Court-approved Settlement Claims Administrator's costs and expenses.

12.    Class Members will have forty-five (45) days from the date of mailing to endorse and cash their Settlement Checks (the "Acceptance Period"). Class Members will be informed of the Acceptance Period on the settlement checks.  Any amounts representing uncashed Settlement Checks, Service Awards, or any other amount remaining in the QSF nine (9) months after the mailing of the final payment will revert to Defendants. Such amount shall be mailed to Defendants'

Counsel as attorneys for Defendants.

13.     The Settlement Claims Administrator shall provide verification to Plaintiffs'
Counsel and Defendants' Counsel that it has distributed the Settlement Checks. The Settlement
Claims Administrator shall further retain copies of all of the endorsed Settlement Checks.

14.     This litigation shall be dismissed with prejudice and all members of the Class who
have not timely and properly opted out of the settlement shall be permanently enjoined from
pursuing and/or seeking to reopen claims that have been released pursuant to the Class Action
Settlement Agreement.

**Approval of the Amended FLSA Distribution Worksheet and FLSA Settlement Agreement**

15.     By docket Order dated May 10, 2017, this Court previously approved the terms of
the FLSA Settlement Agreement, finding that agreement was fair and reasonable and consistent
with the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d
Cir. 2015).

16.     By order dated November 8, 2017, the Court incorporated the terms of the
Addendum, including Amended Exhibit A, into the FLSA Settlement Agreement and Class Action
Settlement Agreement.

17.     By that same order, the Court approved the FLSA Settlement Agreement in its
entirety and the distribution of the FLSA settlement fund as set forth in Exhibit C to the FLSA
Settlement Agreement annexed to Moser Decl I as Exhibit 2, subject to the Court's final approval
of the Class Action Settlement Agreement.

18.     Plaintiffs' Counsel has shown good cause why the Exhibit C to the FLSA
Settlement Agreement should be amended.   Therefore, the Court accepts and approves the
distribution of the FLSA settlement fund set forth in "Amended Exhibit C" annexed hereto.
Amended Exhibit C annexed hereto is hereby incorporated into the FLSA Settlement Agreement

and shall supersede and replace the prior Exhibit C to the FLSA Settlement Agreement that was approved by the Court by order dated November 8, 2017.

19.     The Court hereby approves the FLSA Settlement Agreement and all exhibits thereto, including but not limited to, the Addendum, Amended Exhibit A and Amended Exhibit C, as: (a) fair, reasonable, and consistent with the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015); (b) adequate to redress all Plaintiffs', all FLSA Collective Members', and the Rule 23 Class Representative's Released Wage Claims (as those terms are defined in the FLSA Settlement Agreement) and to compensate Plaintiffs' Counsel on their attorneys' fees and costs; and (c) binding on all Plaintiffs, all FLSA Collective Members, the Rule 23 Class Representative, and Plaintiffs' Counsel.

## FLSA Settlement Procedure

20.     Within thirty (30) days after the "Effective Date" (as such term is defined in the FLSA Settlement Agreement) and subject to the satisfaction of all terms and conditions set forth in the FLSA Settlement Agreement (including, but not limited to, the terms and conditions set forth in Sections 2.1(F), 2.2, 2.3 and 3.4(A) of the FLSA Settlement Agreement), the Defendants shall deliver all payments required by the FLSA Settlement Agreement as detailed in the Amended Exhibit C to Plaintiffs' Counsel at 3 School Street, Suite 207B, Glen Cove, New York 11542.

## Dismissal With Prejudice

21.     This case is dismissed in its entirety with prejudice and without attorneys' fees or costs to any party except as provided in the Class Action Settlement Agreement, and FLSA Settlement Agreement.  All claims released under the Class Action Settlement Agreement and FLSA Settlement Agreement as against Defendants, are released and discharged with prejudice.

22.     As the Court approves of the settlement of this litigation, the Court enters a Judgment of Dismissal of this litigation with prejudice.

**Jurisdiction**

23.     The Court retains jurisdiction over this action with respect to the interpretation and

implementation of the Class Action Settlement Agreement and FLSA Settlement Agreement, the

enforcement of the Class Action Settlement Agreement and FLSA Settlement Agreement, the

distribution of settlement funds, and any and all matters arising out of, or related to, the

interpretation or implementation of the Class Action Settlement Agreement and FLSA Settlement

Agreement, and of the settlement of this action. The Parties shall abide by all terms of the Class

Action Settlement Agreement and FLSA Settlement Agreement, and the exhibits annexed thereto,

which are incorporated herein, and this Order.

It is so ORDERED this 28th day of February, 2018.

_____

The Honorable Anne Y. Shields, U.S.M.J.